JOSEPH VESSIO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vessio v. Commissioner
Docket No. 21946-87
United States Tax Court
T.C. Memo 1990-565; 1990 Tax Ct. Memo LEXIS 637; 60 T.C.M. (CCH) 1150; T.C.M. (RIA) 90565; October 29, 1990, Filed *637 An appropriate order will be entered based upon respondent's calculations under Rule 155. Jared J. Scharf, for the petitioner. George H. Soba, for the respondent. WELLS, Judge. WELLS
SUPPLEMENTAL MEMORANDUM OPINION The controversy before us arises out of petitioner's objection to respondent's computation filed *638 pursuant to Rule 155. [1] In our Memorandum Opinion rendered on the merits of the instant case on April 30, 1990, T.C. Memo. 1990-218 (prior Opinion), which we incorporate herein, we sustained respondent's determination with respect to the addition to tax for substantial underpayment of tax provided by section 6661. Petitioner objects to respondent's method of computing the addition because respondent applied a rate of 25 percent, the rate also applied by respondent in his determination of the addition in his Notice of Deficiency.[2]
Petitioner has framed his contention in the form of an objection to respondent's proposed Rule 155 computation. *639 The exclusive purpose of proceedings under Rule 155, however, is the computation of the deficiency, liability, or overpayment resulting from the findings and conclusions made by the Court. Rule 155(c) provides that "no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings or conclusions or to any new issues." See Cloes v. Commissioner, 79 T.C. 933, 935 (1982). Matters considered in Rule 155 proceedings generally are limited to "purely mathematically generated computational items." The Home Group, Inc. v. Commissioner, 91 T.C. 265, 269 (1988) (a Court-reviewed Opinion), affd. 875 F.2d 377 (2d Cir. 1989). We find that petitioner's objection is an attempt to raise a new issue, the consideration of which is barred by Rule 155(c). Bankers' Pocahontas Coal Co. v. Burnet, 287 U.S. 308 (1932). Because petitioner's objection purports to raise a legal issue, in the exercise of our discretion, we may treat the objection as a motion for reconsideration under Rule 161. Louisville & Nashville R.R. Co. v. Commissioner , 641 F.2d 435, 443-444 (6th Cir. 1981), *640 affg. on this issue 66 T.C. 962 (1976) (upholding this Court's discretion to grant untimely motion for reconsideration in the course of a Rule 155 proceeding). [3]
Petitioner, however, could have presented his argument in a timely motion for reconsideration. [4] Although the law upon which petitioner relies was not in existence when the briefs in the instant case were filed, it was enacted some four months prior to the issuance of our prior Opinion. Petitioner, therefore, had ample opportunity to present his argument to the Court in a timely manner. Moreover, it is our policy to try all issues raised in a case in one proceeding in order to avoid piecemeal and protracted litigation. Our examination of petitioner's objection *641 reveals neither substantial error nor unusual circumstances, and we therefore decline to reopen the instant case for the purpose of considering such objection. Robin Haft Trust v. Commissioner, 62 T.C. 145, 147 (1974), affd. on this issue 510 F.2d 43, 45 n.1 (1st Cir. 1975). Petitioner's contention with respect to the section 6661 addition appears to be wholly without merit. Petitioner contends that no addition to tax under section 6661 may be imposed in the instant case because of the repeal of section 6661 by the Omnibus Budget Reconciliation Act of 1989 (OBRA '89), 103 Stat. 2106. [5] Sec. 7721(c)(2), Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2399. Petitioner recognizes that, *642 by their terms, the provisions of OBRA '89 governing the substantial understatement addition are effective only for returns due after December 31, 1989 and have no application to returns due prior to January 1, 1990. Sec. 7721(d), Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2400. It is petitioner's view, however, that OBRA '89 effectuated a repeal of the provision of the 1986 law which set the 25 percent rate used to calculate the section 6661 addition imposed on petitioner, section 8002, Omnibus Budget Reconciliation Act of 1986 (OBRA '86), Pub. L. 99-509, 100 Stat. 1951, in the same manner that OBRA '86 repealed the version of section 6661 provided by section 323(a) of the Tax Equity and Fiscal Responsibility *643 Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 613, which had set the rate for the section 6661 addition at 10 percent. Petitioner states his argument in the following terms: "If OBRA 1986 repealed TEFRA 1982's version of section 6661, then, by the same reasoning, the Budget Reconciliation Act of 1989 had to have repealed OBRA 1986 for pre-OBRA 1986 tax returns, such as these." We find petitioner's contention to be specious. OBRA '86 repealed the provisions of TEFRA with respect to returns due prior to OBRA '86's enactment because Congress provided that the 25 percent rate imposed by OBRA '86 would apply to assessments made after October 21, 1986, even where such assessments relate to returns due prior to such date, provided such returns were due after December 31, 1982. See Karpa v. Commissioner, 909 F.2d 784 (4th Cir. 1990), affg. a Memorandum Opinion of this Court. Congress, however, did not make such a provision when it enacted OBRA '89, and there is no basis for the analogy which petitioner attempts to draw. As noted above, the relevant provision of OBRA '89 applies only to returns due after 1989. There is no indication that Congress intended, or even *644 contemplated, that section 7721 of OBRA '89 could have any effect with respect to the amount of the substantial understatement addition calculated for returns, such as those involved in the instant case, which were due prior to such effective date. Congress explicitly provided the contrary. The provisions of section 7721 of OBRA '89, therefore, do not affect the validity of assessments of the section 6661 addition made after October 21, 1986, even where such assessments are made after December 31, 1989, where the returns in issue were due prior to January 1, 1990. Accordingly, the substantial understatement addition provided by section 6661 is to be applied by using a rate of 25 percent, which respondent has done. Pallottini v. Commissioner, 90 T.C. 498 (1988). To reflect the foregoing, An appropriate order will be issued and a decision will be entered based upon respondent's calculations under Rule 155. Footnotes
1. Unless otherwise noted, all Rule references are to the Tax Court Rules of Practice and Procedure, and all statutory references are to the Internal Revenue Code as in effect for the years in issue.↩
2. Petitioner has no other objection to the computations filed by respondent pursuant to Rule 155↩.
3. See also Landreth v. Commissioner, T.C. Memo. 1986-242, revd. on other grounds 859 F.2d 643 (9th Cir. 1988) (treating parties' submissions regarding proposed Rule 155↩ computations as joint motions to reopen the record and receive new evidence).
4. We note that respondent filed a motion for reconsideration of our prior Opinion. That motion was decided in our Supplemental Memorandum Opinion issued on June 27, 1990, T.C. Memo. 1990-327↩.
5. We note that while former section 6661↩ has been repealed, the substantial understatement addition has been retained and recodified at section 6662(b)(2), with the rate reduced to 20 percent. Sec. 7721(a), Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2395.