**In re Phyllis COHEN, Debtor.**

**Phyllis COHEN, and Arthur Weitzner, Trustee, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 92–16014–BKC–AJC.**
**Adv. No. 93–0877–BKC–AJC–A.**

United States Bankruptcy Court,
S.D. Florida.

June 13, 1994.

U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S.

Francis Sheehy, Ft. Lauderdale, FL, for debtor.

Charles Throckmorton, Miami, FL, for trustee.

Patricia A. Redmond, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Miami, FL, for debtor/plaintiff.

### ORDER GRANTING THE UNITED STATES' SECOND MOTION FOR SUMMARY JUDGMENT

A. JAY CRISTOL, Chief Judge.

THIS MATTER came before the Court on February 2, 1994, for hearing of the United States' Second Motion for Summary Judgement and the response thereto filed by the debtor/plaintiff Phyllis Cohen.[1]

### I. BACKGROUND

The Debtor, PHYLLIS COHEN, filed for relief under Chapter 7 on October 15, 1992.

The case was subsequently converted to a case under Chapter 11 on April 19, 1993.

On or after June 7, 1993, the Internal Revenue Service ("I.R.S.") filed a Proof of Claim in the total amount of $1,566,470.11 for tax, interest, and penalties for the 1980 tax year. Said Proof of Claim for the 1980 year included tax in the amount of $331,521.06, unspecified penalties in the amount of $355,376.38 and interest in the amount of $879,572.67.[2] The I.R.S.'s Proof of Claim was amended on or after August 13, 1993, to include claimed priority tax liabilities for the 1991 and 1992 tax years.[3]

Previously, Debtor entered into an agreement with the I.R.S., stipulating her tax liability. As a result of the Debtor's agreement to the entry of judgment against her determining her tax liability for 1980[4], Judge Laurence J. Whalen entered, on September 13, 1989, a Stipulated Decision in the United States Tax Court, *Phyllis Cohen v. Commissioner*, Case Number 39713–8.[5] A Certified Copy of the Tax Court's decision was attached to the I.R.S.'s Motion and the Debtor did not dispute its validity.

On or about August 26, 1993, Debtor filed the instant adversary proceeding seeking, in Count I of her Amended Complaint, a determination of her tax liability for the years 1979 through 1989, inclusive, and the years 1991 and 1992 under 11 U.S.C. § 505 and, in Count II, a determination of the secured status of the I.R.S.'s Claim under 11 U.S.C. § 506.

---

**1.** The Trustee, Weitzner, neither responded to nor opposed the United States' Motion.

**2.** It must be noted that the I.R.S.'s transcript of account dated June 16, 1993, which provides the amount due with interest and penalty through May 24, 1993 (including post petition additions) shows a total due in the amount of $1,124,317.90. Thus the amount claimed by the I.R.S. exceeds their own account records by approximately $442,000.00.

**3.** The amended Proof of Claim was for $1,594,058.11, which included the original 1980 debt of $1,566,470.11 plus the 1991 and 1992 tax liabilities totaling $27,588.00.

**4.** The Stipulated Decision was signed by Attorney Jeffrey Pasternak, and not by Mrs. Cohen.

**5.** The Stipulated Decision determined the amount of tax due for 1980 is in the amount of $333,370.00, that there is an addition to tax due, pursuant to I.R.C. Section 6651(a)(1), in the amount of $83,343.00 (late filing penalty), and that $55,714.00 of the deficiency in income tax due was a substantial underpayment attributable to a tax motivated transaction for purposes of computing the interest payable.

Furthermore, the Tax Court's Stipulated Decision made no determination about the following:

(1) whether any failure to timely file the return was due to reasonable cause and was not due to willful neglect pursuant to I.R.A. Section 6651(a)(1) (late filing penalty); and (2) whether any failure to timely pay the tax was due to reasonable cause and was not due to willful neglect pursuant to I.R.A. Section 6651(a)(2) (late payment penalty), nor was such penalty or amount included in the Decision or Stipulation.

The Debtor's Amended Complaint alleges in Paragraph 7 that the decision entered in the United States Tax Court with respect to the Debtor's liabilities for the year 1980 is null and void due to a mistake of fact, misrepresentation, fraud in the inducement, duress, and/or a fraud on the court.[6]

On or about November 29, 1993, the I.R.S. filed an Answer, noting as an affirmative defense that the doctrine of *res judicata* and/or 11 U.S.C. § 505(a)(2) bars this Court from hearing the Debtor's claim.

## II. ISSUE

The instant Motion by the United States is addressed solely to the allegations in Count I of the Amended Complaint, and then only with respect to the tax liability of the Debtor for 1980. The issue to be determined, therefore, is whether the Tax Court's Stipulated Decision is *res judicata*, thereby precluding this Court from making any determination of Debtor's 1980 tax liability.

## III. DISCUSSION

### A. Standard of Review for Summary Judgment

A motion for Summary Judgment under Rule 7056 of the Federal of Bankruptcy Procedure is appropriate when there exists no genuine issue of material fact and a decision may be rendered as a matter of law. The I.R.S., as the moving party, has the burden of demonstrating that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Adickes v. S.M. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

Rule 56(c) of the Federal Rules of Civil Procedure, as applicable under Rule 7056, Fed.R.Bankr.P., provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." This standard has been interpreted by the Supreme Court to mean: "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The facts in dispute must be "genuine," such that the evidence could support a verdict in favor of the non-moving party. *Id.* at 248, 106 S.Ct. at 2510; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Further, the facts relied upon by the moving party must be viewed in the light most favorable to the non-moving party, such that any doubt as to the existence of a genuine issue of material fact will be resolved in favor of denying the motion. *Adickes v. S.H. Kress & Co., supra; United States v. Diebold Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Nevertheless, the motion must be granted if the Court is satisfied that no real factual controversy is present, so that the remedy can serve "its salutary purpose in avoiding a useless, expensive and time consuming trial where there is no genuine, material fact to be tried." *Lyons v. Board of Education*, 523 F.2d 340 (8th Cir.1975).

### B. The doctrine of Res Judicata

The doctrine of *res judicata* insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits. *McClain v. Apodaca*, 793 F.2d 1031, 1932–33 (9th Cir.1986). The Supreme Court has stated that *res judicata* consists of two preclusion concepts: issue preclusion and claim preclusion. *Migra v. Warren City*

---

6. According to the Affidavits of the Debtor, Debtor's ex-husband, Barry Cohen, and their accountant, Murray Cohen, Phyllis Cohen was, during the tax years in question, 1979 through 1986, a housewife and mother. She apparently did not file any return for the year 1980 and therefore did not have any income to report. Any return which was filed in her name, which may have resulted in reportable income, any tax shelter purchased in her name, were allegedly securities, income and tax shelters of her husband. *See* Affidavit of Phyllis Cohen (Exhibit F), Barry Cohen, her ex-husband, ("Exhibit D"), and, Murry Cohen, a Certified Public Accountant ("Exhibit E").

*School Dist. Bd. of Education*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). Under the claim preclusion doctrine (or *res judicata*), a final decision on the merits bars further claims by parties or their privies based on the same cause of action. In *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948), the Supreme Court explained this doctrine as follows:

> The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." [Citation omitted.] The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*Id.*, at 597, 68 S.Ct. at 718. Thus, once a final judgment has been entered by a court of competent jurisdiction, such judgment is *res judicata* and acts as an absolute bar to subsequent litigation; it is conclusive not only as to all matters which were decided, but also as to all matters which might have been decided.

■ A final decision of the Tax Court is *res judicata* as to tax liability determined by the court and is not subject to collateral attack in a later proceeding. Thus, in *United States v. Maxwell*, 459 F.2d 22 (5th Cir. 1972)[7], the Government brought a collection action in district court to reduce to judgment tax assessments that had been determined against the taxpayer by a decision of the Tax Court. In defense, the taxpayer claimed that the innocent spouse provision of the Tax Code relieved her from joint tax liability with her husband. The Eleventh Circuit Court of Appeals rejected her argument, finding that the taxpayers failed to appeal from the Tax Court's decision and "are thereby precluded from relitigating the tax liability in this action." *Id.* at 23.

■ Furthermore, a Tax Court decision entered pursuant to a stipulation or compromise agreement between the parties has full res judicata effect. *See United States v. International Building Co.*, 345 U.S. 502, 505–506, 73 S.Ct. 807, 809, 97 L.Ed. 1182 (1952), rehearing denied, 345 U.S. 978, 73 S.Ct. 1120, 97 L.Ed. 1392 (1953) (stipulated decisions entered by the Tax Court are *res judicata* for the years before that court); *United States v. Nicewonger*, 80–2 U.S.T.C., para. 9793 (CCH), 1980 WL 1682 (S.D.Ala. 1980) (holding that Tax Court decisions entered by compromise are *res judicata*). This rule has been incorporated into the organic law under which the instant proceeding operates, 11 U.S.C. § 505(a)(2), which states as follows:

> (2) The court may not so determine—
>
> (a) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title;

In the instant case, as in *United States v. Maxwell, supra*, the prior Tax Court Decision is *res judicata* with respect to the Tax Court's decision of Mrs. Cohen's tax liabilities for the 1980 year. The Debtor secured her own counsel to represent her in the Tax Court, a Stipulated agreement was entered into, no appeal was filed within the 30 day time period, and the decision of the Tax Court thus became final. The matter will not now be revisited in Bankruptcy Court.

■ However, any subsequent taxes penalties or fines, for the 1980 tax year, *not* provided for in the Stipulated Agreement, would fall under 11 U.S.C. § 505(a)(1), which provides that:

> (a)(1) Except as provided in paragraph (2) of this subsection, the [Bankruptcy] court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to a tax, whether or

---

7. This case is controlling authority by virtue of *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (Holding that the decisions of the Fifth Circuit prior to the creation of the Eleventh Circuit are controlling authority in the Eleventh Circuit).

not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.[8]

Since the Stipulated Decision does not include any penalty for late payment[9], pursuant to I.R.C. Section 6651(a)(2), the amount in dispute was never resolved by The Tax Court. Therefore, a claim as to the validity of this penalty is not barred by either *res judicata* or 11 U.S.C. § 505(a)(2).

### C.  The "Innocent Spouse" Provision

The Debtor argues that the Bankruptcy Court should re-evaluate her 1980 tax liability due to extreme circumstances surrounding the filing of the 1980 tax form. In order to re-evaluate the debt this Court would have to open a Tax Court decision that was entered, and never appealed, approximately five years ago.

Tax Court Rule 162 allows an untimely motion to vacate or revise a Tax Court decision at the discretion of the Tax Court. T.C. Rule 162. There are several cases similar to the case at hand in which the Tax Court vacated the prior decision when the interests of justice outweigh the negative impact of untimeliness: when the decision is faulty with respect to a significant point with an unjust result that shocks the conscience of the Court; when the evidence to support the Motion to Vacate is material to the issue and would change the outcome; when there is substantial error or unusual circumstances; when there is a fraud on the Court such that the decision entered is unreasonable; if there were no jurisdiction such that the decision is a legal nullity; and when there is substantial new evidence that conclusively refutes the Tax Court result. *See Wilson v. Commissioner,* 500 F.2d 645 (2nd Cir.1974), *Wilson v. Commissioner,* T.C. Memo 1976–285, 35 T.C.M. 1276, 1976 WL 3465; *Louisville Nashville R.R. Co. v. Commissioner,* 641 F.2d 435 (6th Cir.1981); *Saigh v. Commis-*

*sioner,* T.C. Memo 1989–248, 57 T.C.M. 493, 1989 WL 52685; *Vessio v. Commissioner,* T.C. Memo 1990–565, 60 T.C.M. 1150, 1990 WL 163175; *Senate Realty Corp. v. Commissioner,* 511 F.2d 929 (2nd Cir.1975); *Toscano v. Commissioner,* 441 F.2d 930 (9th Cir. 1971); *Abeles v. Commissioner,* 90 T.C. No. 8 Dec. 44, 530, 1988 WL 2747; *LaBow v. Commissioner,* 763 F.2d 125 (2nd Cir.1985).

■ It is alleged in the affidavits of Barry Cohen, Phyllis Cohen, and Murray Cohen, that Phyllis Cohen may not be the correct taxpayer for the liabilities asserted against her. Her estranged husband Barry Cohen apparently handled all the family financial affairs for the years in question while Mrs. Cohen was a mother and housewife. However, as most appropriately stated in *Matter of Otis & Edwards, P.C.,* 55 B.R. 185, 190 (Bankr.E.D.Mich.1985), the Bankruptcy Court "is not an appellate court and does not exercise *de novo* or clearly erroneous review of a determination of the I.R.S." Thus, this Court is barred by the doctrine of *res judicata* from considering the Debtor's new arguments. Leaving the Debtor with the Tax Court as her only recourse.[10]

### IV.  CONCLUSION

For the reasons set out above, the Court finds that the September, 1989 Tax Court Decision is *res judicata* to the issue of the Debtor's 1980 tax liability to the extent that the Debtor's liability was determined by the Stipulated Decision entered by the Tax Court.

Accordingly, it is

**ORDERED** that the United States' Second Motion for Partial Summary Judgment is GRANTED.

---

**8.**  *See,* footnote 2 and footnote 5.

**9.**  The I.R.S.'s transcript of account indicates that the penalty amount stated in their Proof of Claim includes penalties for late payment.

**10.**  This Court has GRANTED the Debtor's Motion to Lift the Stay to Allow Plaintiff to file a Motion for Leave to File Out of Time a Motion to Vacate the Tax Court Decision and a Motion to Vacate the Tax Court Decision (Pursuant to Tax Court Rule 162).