**In re Raymond JACKSON, Rogers Mae Jackson, Debtors.**

**Bankruptcy No. 90–00472–RRS–13.**

United States Bankruptcy Court, M.D. Alabama.

Oct. 7, 1994.

Raymond and Rogers Jackson, pro se.

Curtis C. Reding, Montgomery, AL, Trustee.

Patricia A. Conover, Office of U.S. Attorney, Montgomery, AL, for the Middle District of Alabama.

## OPINION ON DEBTORS' OBJECTION TO INTERNAL REVENUE SERVICE PROOFS OF CLAIM

RODNEY R. STEELE, Chief Judge.

Debtors Raymond and Rogers Mae Jackson filed this bankruptcy case on February 7, 1990. The plan has a 57–month duration, ending on November 7, 1994. The debtors have filed several objections to the claims of the Internal Revenue Service.

### I.

The first objection was filed on May 16, 1994, The Internal Revenue Service responded on June 15, 1994, by a written Answer to Debtors' Motion. Debtors then supplemented their original objection with numerous pleading: first, on June 23, 1994, debtors filed "Debtors' Objections to Creditor's Response to Debtors' Objection to Claim"; second, on July 18, 1994, "Debtors' Objections to Claim, Internal Revenue Service ..."; and, third, on August 25, 1994, "Amendment to the Additional Debtors' Objections to Claim."

1. We will not endeavor to list each of these pleadings. Rather, we will merely note that as of October 6, 1994, debtor has filed a total of nineteen separate motions, amendments, responses, and objections regarding the claim of the Internal Revenue Service. We further note that the vast majority of these pleadings are directly related to the underlying objection to claim and serve, therefore, as amendments to the objection. According to the Bankruptcy Rules, "A party may amend the party's pleading *once* as a matter of

At the conclusion of the hearing on these objections on August 22, 1994, at Montgomery, the court asked for briefs from the debtors and the Internal Revenue Service. Debtors' collective motions were taken as submitted after the running of the time period for briefs as announced in open court and extended by the order dated September 7, 1994.

Since that hearing, the debtors have filed numerous motions and objections[1]. All of these pleadings with the exception of the three most recent styled "Objection to, Motion to Remove and Hearing for the Illegal, Invalid, and Untimely Claim for 1982 Federal Income Taxes ...," "Objection to, Motion to Remove and Hearing for Unsecured General Claims Improperly Entered in the Chapter 13 Trustee System," and "Objection to, Motion to Remove and Hearing for Interest to Petition Date for Unsecured Priority Claims ...," have been ruled upon by orders entered by this court on September 30, 1994.

The court does not have a brief filed by the debtors. It does have a brief filed by the Internal Revenue Service, which treats some, but not all of the objections raised by the debtor.

### II.

The issues raised by the debtors' objections may be classified as follows:

I. Bankruptcy Law Issues

 a. Procedural

 1. The Internal Revenue Service did not give a notice of the filing of the claims to the debtors at the time the claims were filed.

 2. The claims of the Internal Revenue Service contained no supporting documentation.

course at any time before a responsive pleading is served ... otherwise a party may amend the party's pleading *only by leave of the court....*" F.R.Bankr.P. 7015(a) [emphasis added]. To this point, debtors have been liberally granted leave to amend their pleadings; however, from this point forward, debtors are admonished to file no more pleadings relating to their objection to the Internal Revenue Service claim in this court, except filings necessary to perfect their appeal.

3. The Internal Revenue Service Amendment to Claim, which added 1987 and 1988 tax claims, was filed late.

b. Substantive

1. The Internal Revenue Service claim has been improperly classified as a priority claim in these bankruptcy proceedings.

2. Any amount of claim by the Internal Revenue Service in excess of $9,969 should be stricken, since said creditor is bound by the terms of the confirmed plan which only provided for that amount to be paid on priority taxes.

3. The debtors are entitled to a discharge of all the tax debts shown in the Internal Revenue Service claims.

II. Tax Law Issues

a. The Internal Revenue Service claim for 1982 taxes is more than the amount of liability of the Tax Court judgment for that tax year.

b. The Statute of Limitations for assessment and collection under the Internal Revenue Code[2] had already run on 1982, 1983, and 1985 taxes prior to the date the Internal Revenue Service filed its claim;

c. Taxes for the years 1987 and 1988 were assessed by the Internal Revenue Service during this bankruptcy proceeding in violation of § 362 of the Bankruptcy Code and § 6503 of the Internal Revenue Code.

We take up these issues below.

### III.

I. Bankruptcy Law Issues.

I(a)(1). The Internal Revenue Service did not give notice of the filing of the claims to the debtors at the time the claims were filed.

■ We can find no authority requiring the Internal Revenue Service to provide the debtors with either a notice of the filing of the claims or a copy of the claims. The claims register and the claims file, of course,

are open to the debtors at any time. But an examination of Rules 3002(c), 5005, and 9013 does not support debtors' contention that a creditor is required to serve a copy of a proof of claim on the debtor.

I(a)(2). The claims of the Internal Revenue Service contained no supporting documentation.

■ Rule of Bankruptcy Procedure 3001, relating to proofs of claim, has no general requirement to provide supporting documentation. Rule 3001(c) provides that when a claim or an interest in property of a debtor securing the claim is based on a written document, the original or a duplicate of said document shall be filed. Nevertheless, in this case, there is no indication that the claim is based upon such a writing. Debtors themselves refer in their objection to Bankruptcy Rule 3001(f), a Rule which provides that a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim. *See In re White*, 168 B.R. 825 (Bankr.D.Conn.1994) (proof of claim not invalid where based solely on estimated Internal Revenue Service claim.)

We conclude that unless objected to, a simple proof of claim which identifies the claimant, the amount of the claim, the basis for the claim, and a representation that the creditor intends to look to the estate for some payment of the claim is sufficient as a proof of claim. *See In re Scott*, 67 B.R. 1011 (Bankr.M.D.Fla., 1986); *In re Wilbert Winks Farm, Inc.*, 114 B.R. 95 (Bankr.E.D.Penn., 1990); and *In re The Charter Company*, 876 F.2d 866 (11th Cir.(Fla.) 1989). Therefore, any failure by the Internal Revenue Service to provide supporting documentation for its claim is insufficient grounds for this court to strike said claims.

■ The debtors, of course, were entitled to extensive discovery under the Federal Rules of Bankruptcy Procedure. This discovery could have included documentation which debtors may have found relevant to the questions presently before the bench. Such discovery was, however, not sought in

**2.** 26 U.S.C. § 1, et seq.

this case, and Internal Revenue Service has, since the objection was filed, supplied most of the documentation. This court has in its discretion, taken some procedural latitude to assist debtors, as for instance in requiring the Internal Revenue Service to go forward in support of its claim, due to the fact that debtors are acting pro se; however, the judicial role is as an arbiter and not as an advocate. *See Ah Lou Koa v. American Export Isbrandtsen,* 513 F.2d 261 (2d Cir. (N.Y.) 1975); and *United States v. Marzano,* 149 F.2d 923 (2d Cir. (N.Y.) 1945).

I(a)(3). The Internal Revenue Service Amendment to the claim which added 1987 and 1988 tax claims, was filed late.

Debtors have raised this issue by other pleadings. By an order entered on September 30, 1994, the court ruled on this objection. In brief, the Internal Revenue Service amendment, which set out an entirely new claim for 1987 and 1988 taxes, was filed late, and this amendment to the claim has been disallowed by this court.

I(b)(1). The Internal Revenue Service claim has been improperly classified as a priority claim in these bankruptcy proceedings.

The Internal Revenue Service evades this issue in its response by asserting that the matter is moot, because debtors' plan is a 100 percent plan; therefore, says the Internal Revenue Service, the claim is to be paid in full, whether classified as a priority claim or as a general unsecured claim. The debtors' objection to the classification of the claim does become important, however, where debtors' case apparently will not pay the Internal Revenue Service claim in full. If all or a portion of the Internal Revenue Service original claim is held to be a general unsecured claim, then the questions of discharge, what taxes have been paid, and what balances remain of the Internal Revenue Service claim or claims may become ripe. However, these questions are not before us at this time.

The question which is before us is whether the Internal Revenue Service claim for the tax years 1982, 1983, 1985, and 1986 is a claim in whole or in part for priority taxes.

Bankruptcy Code § 507(a)(7) defines priority taxes:

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, was last due, including extensions, after three years before the date of the filing of the petition; [or]

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; . . . .

The brief of the Internal Revenue Service shows that for 1982 taxes, the return due date was April 15, 1983, and the assessment date was May 26, 1986. For 1983 taxes, the return due date was April 15, 1984, and the assessment date was May 9, 1988. For the tax year 1985, the due date was April 15, 1986, and the assessment date was January 1, 1990. For the tax year 1986, the return due date was April 15, 1987, and the assessment date was January 1, 1990.

According to the Internal Revenue Service's own statement of facts, the return due date for taxes for the years 1982 and 1983 was more than three years before the filing of the petition, and the assessment date was more than 240 days before the filing of the petition. Therefore, these taxes fall outside of the priority definition.

As to 1985 and 1986 taxes, however, they do fall within the priority definition. The date of assessment for both these years was January 1, 1990. The debtors filed this bankruptcy proceeding on February 7, 1990. The assessment thus falls within the 240–day reach-back period.

The claim is thus not a priority claim for the years 1982 and 1983, but rather a general unsecured claim. However, the claim for the years 1985 and 1986 is a priority claim.

I(b)(2). Any amount of claim by the Internal Revenue Service in excess of $9,969 should be stricken since said creditor is bound by the terms of the confirmed plan which only provided for that amount to be paid on priority taxes.

 Title 11, U.S.C. § 1322(a)(2) requires that the plan shall provide for the full payment in deferred cash payments of *all* claims entitled to priority under § 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim. The plan *must* provide for the payment in full of duly allowed priority claims, whatever their amount may be. They therefore are obliged to pay, under the plan, all the allowable priority claims rather than the amount set forth in the debtors' petition for relief. The tax claims which are entitled to priority are set out above in subparagraph b(1). *In re Tomlan,* (D.C.E.D.Wash., 1989) 102 B.R. 790; aff'd, adopted (9th Cir.1990) 907 F.2d 114.

An examination of the debtors' own plan as confirmed shows that it provided for the payment in full of priority claims:

. . . . .

(b) Priority claims shall be paid in deferred payments, along with secured and specially classified claims as set out below ...

(c) Creditors holding secured or specially classified claims as follows:

(i) The following secured creditor shall retain the liens securing their claims, and shall be paid an amount equal to the value of the collateral securing their claim, and the following specially classified claims shall be paid as follows: Internal Revenue Service, value of collateral, amount secured $9,969.90, proposed monthly payment $250.

Finally, the plan provided for the payment of all other claims, including all unsecured claims, at 100 percent.

I(b)(3) The debtors are entitled to a discharge of all the tax debts shown in the Internal Revenue Service claims.

 Although the debtors contend that they are presently entitled to discharge, this question is not ripe. The debtors will not be entitled to a discharge of any debts until they have made all payments under their plan. *See* 11 U.S.C. § 1328(a). Whether they have done so will not be known until November 7, 1994, when, by the terms of the plan, the case concludes. The only adjudicable matter before us now is the extent and validity of the claim of the Internal Revenue Service.

II. Tax Law Issues.

II(a) The Internal Revenue Service claim for 1982 taxes is more than the amount of liability of the Tax Court judgment for that tax year.

 As the Internal Revenue Service brief points out, the Tax Code at § 6601(a) provides for the imposition of interest on tax deficiencies:

If any amount of tax imposed by this title ... is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under Section 6621 shall be paid for the period from such last date to the date paid.

The decision of the Tax Court was final in this case as to 1982 taxes and interest began to run upon the amount specified in that judgment.

II(b). The Statute of Limitations for assessment and collection under the Internal Revenue Service Code had already run on 1982, 1983, and 1985 taxes prior to the date the Internal Revenue Service filed its claim.

 As the United States points out in its brief on behalf of the IRS, the Tax Court filings toll the Statute of Limitations. *See IRC* §§ 6213, 6212(d), and 6503(a). The debtors filed Tax Court proceedings for each of these three years, and the Statute of Limitations for assessment was thus tolled or suspended during pendency of those cases plus six months after the entry of the judgment. Since the right to assess was moved forward by the Tax Court filings, and the assessments are within that extended time, as shown in the brief of the United States, the Statute of Limitations had not run on 1982, 1983, and 1985 taxes, when the assess-

ments were made, and the assessments are regular and valid.

We note in passing an that unappealed judgment of the Tax Court is a final determination of tax liability upon the entry of judgment by that court. "A final decision of the Tax Court is *res judicata* as to tax liability determined by the court and is not subject to collateral attack in a later proceeding." *In re Cohen,* 169 B.R. 759 (Bankr. S.D.Fla.1994); *see also Shades Ridge Holding Co., Inc. v. United States,* 888 F.2d 725 (11th Cir. (Ala.) 1989). This court can entertain no challenges to the underlying tax liability that either were or could have been litigated in the earlier proceeding. The fact that some of the Tax Court decisions went against debtors *by default* does not alter this basic premise.

II(c). Taxes for the years 1987 and 1988 were assessed by the Internal Revenue Service during this bankruptcy proceeding in violation of § 362 of the Bankruptcy Code and § 6503 of the Internal Revenue Code.

It is clear, despite debtors' contention, that no assessment took place during the pendency of this case in violation of the automatic stay.

Assessment is a very narrow and specific term of art. An assessment is the act of the Secretary of the Treasury when he formally enrolls a tax liability against the debtor. *See Tax Reg.* § 301.6203–1. It is, in effect, a judgment after certain administrative remedies are exhausted or the time has run for such remedies. In this case, there is no showing that there has been a formal enrollment of the liability of the debtors for the 1987 and 1988 taxes. While there was a notice of deficiency issued after this case was filed, that right of the Internal Revenue Service is specifically recognized in the Bankruptcy Code. *See* Title 11, U.S.C. § 362(b)(9) (providing that under subsection (a) of § 362, there is no stay against the issuance to the debtors by a governmental unit of a notice of tax deficiency). The notice became the basis for the tax claim. *See also In re White, supra,* (IRS need not assess in order to assert a claim in Chapter 13.)

Debtors contend that the Internal Revenue Service's action of filing a claim for 1987 and 1988 taxes is, in itself, a violation of the automatic stay. This argument is wholly without merit. *See H & H Beverage Distrib. v. Dept. of Revenue of PA.,* 850 F.2d 165 (3d Cir. (Penn.) 1988).

Finally, this court's order of September 30, 1994, which deleted the amendment of the Internal Revenue Service to the original claim, disposed of most of the arguments debtors have made concerning the validity of the amendment adding 1987 and 1988 taxes. Those matters are thus not before us, and we do not undertake to rule upon them.

An appropriate order will enter based upon this Opinion.

## ORDER ON DEBTORS' OBJECTION TO INTERNAL REVENUE SERVICE PROOFS OF CLAIM

By an opinion entered today, the court has concluded that most of the objections filed by the debtors to the claim of the Internal Revenue Service are not well taken, and it is

ORDERED that the Objection to the Claim of the Internal Revenue Service is OVERRULED, except for the following: that only a portion of the original Internal Revenue Service claim filed on June 14, 1990 is entitled to priority, and the balance is due to be treated as a general unsecured claim in this bankruptcy case.

The portion of the June 14, 1990, claim which is entitled to priority is as follows: Income for the tax period 12–31–85, assessed on January 1, 1990, tax due $818, and interest to petition date $413.07, for a total of $1,231.07.

Income tax for the tax period 12–31–86, assessed on January 1, 1990, tax due $5,225, plus interest to date of petition $2,200.66, for a total of $7,425.66.

The total priority claim to be allowed in this proceeding is $8,656.73.

Any amount of plan payments made by debtors and applied to taxes greater than the amount allowed as priority are to be applied to those non-priority taxes remaining on the claim filed June 14, 1990. These general

unsecured debts are income taxes for the tax period 12–31–82 and tax period 12–31–83, assessed May 26, 1986, and May 9, 1988, in the amount of $10,060.40.

The claim of the Internal Revenue Service filed June 14, 1990, is therefore ALLOWED as a priority claim in the amount of $8,656.73, and is allowed as an unsecured claim in the amount of $10,060.40.

The order constitutes a dispositive order on all of the debtors' objections to claims, and debtors are admonished by this order not to file any further objections, motions, or pleadings of any kind relating to the claims of the Internal Revenue Service in this proceeding, except those filings necessary to perfect their appeal to the United States District Court of this order and related rulings.