**Phyllis COHEN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 94–2606–CIV.

Bankruptcy No. 92–16014–BKC–AJC.

United States District Court,
S.D. Florida.

June 14, 1995.

Patricia Ann Redmond, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Miami, Florida, for Appellant.

A.B. Phillips, United States Department of Justice, Tax Division, Washington, DC, for Appellee.

*OPINION AND ORDER VACATING THE BANKRUPTCY COURT'S MEMO-RANDUM OPINION AND ORDER DISMISSING WITH PREJUDICE DEBTOR'S CHAPTER 11 PROCEED-ING AND REMANDING CAUSE TO THE BANKRUPTCY COURT FOR FURTHER PROCEEDINGS CONSIS-TENT WITH THIS RULING*

ARONOVITZ, District Judge.

The appellant debtor Phyllis Cohen appeals from the Bankruptcy Court's Memorandum Opinion and Order Dismissing with Prejudice Debtor's Chapter 11 Proceeding, entered June 30, 1994, and the Order Denying Debtor's Motion to Vacate and/or for Rehearing and/or Reconsideration and/or Amendment of Memorandum Opinion and Order Dismissing with Prejudice Debtor's Chapter 11 Proceeding, entered September 20, 1994.

**Factual and Procedural Background**

Phyllis Cohen filed for chapter 7 relief on October 15, 1992. She listed three creditors on her schedules: the State of New York, the Internal Revenue Service and Martha Haffey. On June 7, 1993, the IRS filed a proof of claim for 1980 taxes in the amount of $1,566,470.11.[1] The IRS amended the proof of claim on August 13, 1993, to include 1991 and 1992 taxes totalling $27,588. The IRS filed no other proofs of claim for any other year. However, Cohen had listed on her bankruptcy schedules an IRS claim of $757,-727.10, for 1983 taxes, as well.[2]

On April 9, 1993, the court converted the case to chapter 11, and appointed a chapter 11 trustee. On June 15, 1993, the court entered a final default judgement in an adversary proceeding against the State of New York holding that the debtor owed no state taxes for the years 1979–86.

On August 24, 1993, Cohen filed an adversary proceeding under 11 U.S.C. §§ 505 and 506, against the IRS to dispute her tax liabilities for the years 1979–92 and to determine the extent, priority, and validity of any tax liens. The court granted partial summary judgement for the IRS, finding it had no jurisdiction to revisit a Tax Court determination of the 1980 tax liability and concluding that the 1980 tax lien was valid. See *In re Cohen*, 169 B.R. 759 (Bankr.S.D.Fla.1994). The court made no determination regarding penalties or interest on that year's tax and retained jurisdiction over the subsequent years. Cohen filed a motion to reconsider the partial summary judgment, upon which the court never ruled. The Bankruptcy Court never made the determination of the outstanding tax issues in the adversary proceeding.

The debtor's Third Amended Plan of Reorganization provided for liquidation of the debtor's assets including three annuities, with the proceeds to pay administrative expenses, the IRS's filed claims and any remainder to Martha Haffey. The IRS rejected the plan, and Haffey, the only other creditor, voted two days late in favor of the plan. On March 1, 1994, the debtor filed a motion to extend the time to accept or reject the plan, but the court never ruled on

---

1. This claim arises largely from a Stipulated Decision in the U.S. Tax Court. In the Stipulated Decision, Cohen and the IRS agreed the amount of tax due for 1980 is $333,370 with an addition to tax of $83,343 for a late filing penalty. For its proof of claim, the IRS added to the stipulated amounts approximately $879,600 in interest and the remainder in other penalties.

2. Cohen claims the tax liabilities are the result of her ex-husband's financial transactions from 1979–1986, in which he opened trading accounts and invested in securities and tax shelters in her name without her consent or knowledge. Mr. Cohen filed tax returns in her name, reflecting income from transactions in her name. Many of the returns were not signed by the debtor. Affidavits of Barry Cohen, Phyllis Cohen, and accountant Murray Cohen (unrelated) support these allegations.

it. On March 2, 1994, after an incomplete confirmation hearing at which the court also considered conversion or dismissal, the court invited the parties to submit competing proposed orders.

On June 30, 1994, the Bankruptcy Court adopted the IRS' proposed order of dismissal and dismissed Cohen's chapter 11 case with prejudice. On July 7, Cohen filed a motion to reconsider. Both the chapter 11 trustee and Haffey also filed motions to reconsider. The Bankruptcy Court denied the motions on September 19, 1994, and Cohen filed her notice of appeal the next day.

On September 20, she filed an emergency motion for stay pending appeal. The bankruptcy court granted a temporary stay until Cohen could obtain a stay from this court. This court granted a stay pending appeal on February 21, 1995. On Tuesday March 21, 1995, the court heard oral argument on the merits of the appeal.

**Discussion**

 Findings of fact are subject to review on a clearly erroneous standard. *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir.1990). Findings of fact are clearly erroneous when the record lacks substantial evidence to support it such that an appellate court's review of the evidence results in a firm conviction that a mistake has been made. *Blohm v. Commissioner of Internal Revenue*, 994 F.2d 1542, 1548 (11th Cir.1993). The bankruptcy court's conclusions of law and conclusions regarding the legal significance accorded to the facts are subject to de novo review. *In re Owen*, 86 B.R. 691, 693 (Bankr.M.D.Fla. 1988), *aff'd* 877 F.2d 44 (11th Cir.1989), *rev'd on other grounds*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

 The Bankruptcy Court's opinion and order is replete with findings of fact. The record on appeal simply does not support those findings. The Bankruptcy Court heard argument of counsel, but no testimony or evidence was presented. This court recognizes the need for expedition in bankruptcy cases. However, in this instance, the bankruptcy court has ruled in a manner that would require an evidentiary hearing. The court also ruled without first considering preliminary matters necessary to effective consideration of the issues before it.

The Bankruptcy Court's familiarity with the case does not overcome the necessity for evidence that comprises a record to support an opinion and order, especially one that is factually intensive, as is this. A review of the transcript of the confirmation hearing reveals that the Bankruptcy Court never completed the hearing and suggested that the parties submit competing orders of confirmation or dismissal. The Fifth Circuit, prior to the Fifth Circuit split, addressed this issue:

> While the practice of allowing counsel for the prevailing party to write the trial judge's opinion has not been proscribed by this circuit, it should nevertheless be discouraged ... While the 'clearly erroneous' rule of Fed.R.Civ.P. 52(a) applies to a trial judge's findings of fact whether he prepared them or they were developed by one of the parties and mechanically adopted by the judge, 'we can take into account the [lower court's] lack of personal attention to factual findings in applying the clearly erroneous rule.' (cites withheld)

*Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 258 (5th Cir.1980). When the factual findings were not the product of personal analysis and determination by the trial judge, an appellate court may feel more confident in concluding that important evidence was overlooked or inadequately considered. *Id.*, at 258.

This court addresses the findings of fact in accordance with the Bankruptcy Court's six grounds for dismissal.[3]

*1. Lack of good faith.* (p. 10)

The Eleventh Circuit has recognized "that a debtor's lack of 'good faith' may constitute cause for dismissal of a petition." *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir.1984). "In finding a lack of good faith, courts have emphasized an intent to

---

**3.** All references to the Memorandum Opinion and Order on appeal are made by page number only in parentheses. Any record references are prefaced by the letter "R" also in parentheses.

abuse the judicial process and the purposes of reorganization provisions." *Id.* at 674.

The factual finding that the case is a two-party dispute is clearly erroneous. (p. 11) The debtor's schedules listed three creditors. Although the claim of the state of New York was disallowed, the opinion and order acknowledges the existence of the unsecured creditor Martha Haffey. (p. 14) The record does not reflect that her claim was withdrawn.

The Bankruptcy Court concludes that the debtor made pre-petition transfers of non-exempt assets to exempt assets and to family members. (p. 12–13) At no time did the court entertain testimony or evidence regarding the alleged transfers or whether they constituted fraudulent conveyances under the Bankruptcy Code or state law. Other than allegations in unrelated pleadings, the record contains no evidence regarding these transfers. (R 64, 125 at p. 6) Further, the effect of these transfers upon the "good faith" of the debtor is questionable, because the third amended plan intends to liquidate the allegedly exempt assets. Thus, exempt or non-exempt, they would be liquidated.

The Bankruptcy Court found that the debtor misled the court into permitting her to utilize two annuity distributions to pay expenses, by alleging she had no other source of income other than the annuities. (p. 14) While the two motions requesting bankruptcy court's approval to distribute some income from the annuities suggest that the debtor had no other source of revenue, the debtor's schedules reflected her business and her salary. (R 1, 99, 120) This point was raised at the hearings on these motions. (R 129) Nevertheless, the Bankruptcy Court granted the requests. The finding that the debtor misled the court is clearly erroneous.

The Bankruptcy Court also found an "obvious intent to abuse the judicial system," (p. 15) independent of these other alleged badges of bad faith. The Bankruptcy Court provides and this court finds no support for this conclusion. Without record support this factual finding is clearly erroneous.

Finally, the court noted that the debtor had "taunted [the Bankruptcy] Court's and her creditor's patience" with requests for time extensions. These are not reflected in the record, and the Bankruptcy Court could have denied the requests, had it deemed that the requests were not in good faith.

The finding that the debtor lacked good faith is without support and is clearly erroneous.

2. *Continuing loss to or diminution of estate and absence of reasonable likelihood of rehabilitation under 11 U.S.C. § 1112(b)(1).* (p. 16)

Section 1112 of the Bankruptcy Code provides ten specific enumerated grounds for dismissal or conversion of a bankruptcy case, including "continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(1). The court cited both of these factors as grounds for dismissal.

First, the Bankruptcy Court found continuing loss to the estate by the professional fees of attorneys and by the debtor's withdrawal of income from the annuities. (p. 17) Any professional fees are administrative expenses, necessary and ordinary expenses of bankruptcy case administration. The bankruptcy court may disallow any fees that the court finds unreasonable or extraordinary. The debtor's withdrawals were made through court approval. Further, the elimination of the $200,000 liability to the State of New York increased the value of the estate available to the IRS and Haffey.

The Bankruptcy Court also found no reasonable likelihood of rehabilitation for two reasons. One, the court stated that a liquidating plan cannot show a likelihood of rehabilitation. Rehabilitation is different from reorganization. *In re Great American Pyramid Joint Venture,* 144 B.R. 780 (Bankr. W.D.Tenn.1992). However, reorganization encompasses rehabilitation and may contemplate liquidation. *In re The Ledges Apartments,* 58 B.R. 84 (Bankr.D.Vt.1986); *In re Alves Photo Service,* 6 B.R. 690 (Bankr. D.Mass.1980).

Two, the court noted that although the plan proposed to satisfy in full the IRS's claim, it did not retain the IRS's liens which

arose as a result of unpaid taxes under 26 U.S.C. § 6321. Section 1129(b) permits a debtor to confirm a plan when a class rejects it as long as one impaired class accepts and as long as the plan is "fair and equitable" with respect to each class. Section 1129(b)(2) defines the requirements for "fair and equitable." Although the IRS asserts that retention of its lien is required under subsection (b)(2)(A)(i), retention of a lien is only one way to satisfy the "fair and equitable" requirement; payment of the "indubitable equivalent" of the claim is another. 11 U.S.C. § 1112(b)(2)(A)(iii).

The plan called for liquidation of all of Cohen's assets and immediate payment of $1.1 million to the IRS in satisfaction of their claims. Cohen argues that this satisfies the indubitable equivalent of the IRS's claims.

The Bankruptcy Court order states that Cohen and the IRS agreed in Tax Court to Cohen's 1980 tax liability in the amount of $1,566,470.11. (p. 5) That amount includes the tax, additions to tax, penalties and interest. In fact, the parties did not agree to that amount. The IRS, in its response to Cohen's motion to reconsider in the Bankruptcy Court, conceded that the findings should be amended to clarify the amounts to which the parties agreed in the Tax Court. (R 211 at p. 5–6) The IRS suggested that the only agreed amounts were $333,370 for taxes and additions to tax of $83,343. *See Cohen,* 169 B.R. at 760. Neither the Bankruptcy Court nor the Tax Court made a determination of penalties for the 1980 tax year. *Id.* at 763.

The Bankruptcy Court order also provides an "undisputed" tax liability of $757,727.10, for 1983. IRS argues that by listing and not disputing the claim for 1983 taxes of $757,-727.10, Cohen admitted it. Bankruptcy Rule 3003(c)(2) does not require a proof of claim where a liability is scheduled as undisputed. Cohen, on the other hand, suggests that, although she listed this amount in her schedules, the claim is superseded by the IRS's proof of claim that did not include this amount, under Bankruptcy Rule 3003(c)(4). Regardless, the debtor objected in the adversary proceeding to the claim for 1983 taxes as owed by her husband. The IRS produced no evidence of the claim and the court made no determination regarding its validity.

Cohen also disputes the unsecured priority claim of $27,588 for 1991 and 1992, based on the IRS's proof of claim. Proofs of claim are deemed allowed unless an objection is filed. 11 U.S.C. § 502(a). Cohen asserts that she objected to these claims in the adversary proceeding and the court made no determination.

Cohen further argues that while liens may continue post-petition they would not attach to post-petition after-acquired property, as the order asserted.

While these arguments were raised at the confirmation hearing, the court did not conclude the argument, leaving the parties to brief the issues in their proposed orders. Moreover, the court had not concluded the adversary proceeding and thus never determined the exact amount and validity of the IRS claims for those years. The findings of continuing loss or diminution of the estate and inability to reorganize are unsupported by the record and clearly erroneous.

*3. Inability to effectuate a plan § 1112(b)(2).* (p. 19)

Section 1112(b)(2) authorizes dismissal for inability to effectuate a plan. The court noted that the IRS, the US Trustee, the Chapter 11 trustee all supported dismissal. The only parties entitled to vote on plan confirmation are the IRS and Martha Haffey. That the other parties supported dismissal in no way supports an inability to effectuate a plan. That finding is clearly erroneous.

*4. Unreasonable delay by debtor prejudicial to creditors 11 U.S.C. § 1112(b)(3).* (p. 19)

This section authorizes dismissal for unreasonable delay that is prejudicial to creditors. The order relies upon other cases which were dismissed after less time. In *In the Matter of Cassavaugh,* 44 B.R. 726 (Bankr.W.D.Mo.1984), the court dismissed the case after eight months in chapter 11. In *In the Matter of Koerner,* 800 F.2d 1358 (5th Cir.1986), the Fifth Circuit affirmed dismissal after sixteen months in chapter 11.

Similarly some cases exist longer prior to confirmation. *See Matter of Macon Pre-stressed Concrete Co.,* 61 B.R. 432, 437–8 (Bankr.M.D.Fla.1986) (no dismissal under § 1112(b)(3) after two years had elapsed). Cohen had been in bankruptcy over sixteen months, including eleven months in chapter 11. Pivotal under this section is not the length of time that has elapsed but a showing by the creditor of "unreasonable delay" resulting in "prejudice." The record does not reflect that the IRS ever demonstrated that any delay was "unreasonable" or resulting in "prejudice." Although eleven months had elapsed without a confirmed plan, the debtor had amended her plan three times to reflect changes in the case and attempts to satisfy the IRS, eventually leading to the plan which surrenders all of the debtor's assets. The finding of unreasonable delay prejudicial to creditors is clearly erroneous as unsupported.

*5. Avoiding payment of tax liabilities § 1129(d).* (p. 20)

The final two grounds upon which the court relied are found in the Bankruptcy Code provision governing "Confirmation of plan." 11 U.S.C. § 1129. Section 1129 provides reasons for denying confirmation of a plan, not grounds for dismissal of a case.

Subsection 1129(d) prohibits the court from confirming a plan "if the principle purpose of the plan is the avoidance of taxes." 11 U.S.C. § 1129(d). The governmental unit bears the burden of proof on avoidance. *Id.* The IRS never raised § 1129(d) at the confirmation hearing or at any time prior. The only support for this finding is that the debtor does not provide in her plan for retention of the IRS liens. *See supra.* At most, violation of § 1129(d) can be used as support for dismissal under § 1112(b)(2), but not as an independent ground for dismissal.

*6. Plan accepted by no classes § 1129(a)(10).* (p. 22)

Section 1129(a)(10) requires for confirmation the following: "If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan ..." 11 U.S.C. § 1129(a)(10). The court never ruled on the motion to extend time for Martha Haffey to submit her ballot. Haffey did not withdraw her claim as the order found. The court never considered her ballot in favor of the plan. Again, this section provides a ground for denial of confirmation, not for dismissal of the case.

**Conclusion**

It is ORDERED AND ADJUDGED that the Bankruptcy Court's Memorandum Opinion and Order Dismissing with Prejudice Debtor's Chapter 11 Proceeding, entered June 30, 1994 is hereby VACATED and the case is REMANDED for further proceedings consistent with this ruling. Specifically, in adversary proceeding Case No. 93–0877, the Bankruptcy Court made no determination of the penalties associated with the 1980 tax liability or the validity and extent of liability for tax years 1991, 1992, and 1983. The Bankruptcy Court did not rule on the motion for extension of time to accept or reject the plan. The Bankruptcy Court did not hold a complete confirmation hearing, considering all creditors in the case and determining whether the debtor's plan is confirmable under 11 U.S.C. § 1129(a) or (b). Any ruling must be supported by specific conclusions of law and by specific findings of fact which are supported by ample evidence as presented by the parties.

DONE AND ORDERED.