In the Matter of SANDY RIDGE DEVELOPMENT CORPORATION, Debtor.

SANDY RIDGE DEVELOPMENT CORPORATION, Appellant,

v.

LOUISIANA NATIONAL BANK, Appellee.

No. 88–3072.

United States Court of Appeals, Fifth Circuit.

Dec. 8, 1989.

John C. Anderson and Jack Patrick Harris, Baton Rouge, La., for appellant.

Mary E. Arceneaux, Baton Rouge, La., for amicus, Louisiana Bankers in support of appellee.

Fredrick R. Tulley, Joseph R. Martin and John R. Tharp, Baton Rouge, La., for Louisiana Nat. Bank.

James R. Austin and Stacy E. Grove, Baton Rouge, La., for Livingston Bank.

Michael Harig, Baton Rouge, La., for Evans Graves Engineers, Inc.

Ralph Hood, Baton Rouge, La., for Contractors, Inc.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before WISDOM, GARWOOD, and JOLLY, Circuit Judges.

PER CURIAM:

In denying the petition for rehearing, we observe that we have held that distribution of estate property, at values properly fixed by the bankruptcy court, to nonconsenting creditors under a liquidating reorganization is not *per se* categorically prohibited as a matter of law under Chapter 11 of the Bankruptcy Code and that the plan in question meets the requirements of 11 U.S.C. § 1129(b)(2)(A)(iii) with respect to appellee LNB's secured claim regarding Brightside. However, these holdings do not mean, and we have not held, that the plan in question meets (or fails to meet) the "fair and equitable" requirement (or the "does not discriminate unfairly" requirement) of section 1129(b)(1) respecting LNB's class (or any other class of impaired, nonaccepting claims or interests) or that it meets (or fails

to meet) other applicable requirements, including but not necessarily limited to those of section 1129(a)(3) ("good faith"), section 1129(a)(10), or section 1123(a)(3), or that it is (or is not) workable. These latter matters are among those to be addressed by the bankruptcy court on remand. Our original opinion, in its footnote 19, also observed that LNB had not requested relief from the automatic stay so as to foreclose its lien. We further note that the record reflects no request by any party under 11 U.S.C. § 554 that Brightside or Port Vincent be abandoned.[*]

The petition for rehearing is DENIED and no member of this panel nor judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for rehearing en banc is DENIED.

No further petition for rehearing shall be entertained and the mandate shall issue forthwith.

---

[*] Moreover, the first paragraph of part III of our original opinion is not intended to speak to whether bankruptcy court valuation of the distributed property, e.g., Brightside, for purposes of calculating the amount of LNB's unsecured claim in bankruptcy (in the event the plan were to be properly approved) would have any legal effect (or if so, what such effect would be) in a state law suit by LNB against the guarantors.