**In re Elzie Clayton RUARK, SSN 443–32–1249, Betty S. Ruark, SSN 431–96–6406, Debtors.**

**Bankruptcy No. 90–70963.**

United States Bankruptcy Court, E.D. Oklahoma.

Nov. 27, 1991.

---

Kenneth Mather, Tulsa, Okl., for Trustee.

E.J. Raymond, Tulsa, Okl., for creditor Green Tree Acceptance Corp.

## ORDER

JAMES E. RYAN, Chief Judge.

On October 16, 1991, this Court conducted a hearing with regard to the Trustee's Motion for Authority to Allow Claim Pursuant to 11 U.S.C. Sec. 726(a)(3) filed September 17, 1991 by Kenneth G.M. Mather, Chapter 7 Trustee ("Trustee") (Docket Entry No. 45) and the Objection thereto filed September 30, 1991 by Green Tree Acceptance, Inc. ("creditor") (Docket Entry No. 46).

At the hearing, this Court instructed that the parties file Stipulation of Facts and Memoranda of Authority on the legal issue presented, as reflected in the Order dated October 17, 1991. The Stipulation (Docket Entry No. 49) and the legal Memoranda were filed by the Trustee (Docket Entry No. 51) and Green Tree Acceptance (Docket Entry No. 50) in a timely manner.

After review of the above-referenced pleadings and consideration of the applicable law, this Court does hereby enter the following Findings of Fact and Conclusions of Law in conformity with Rule 7052, Fed. R.Bankr.P., in this core proceeding:

### STATEMENT OF ISSUE

The parties have presented the legal issue of whether the Amended Proof of Claim filed by creditor after the expiration of the claims bar date, after having filed a secured claim within the claims bar date, should be considered in a distribution to unsecured creditors.

### FINDINGS OF FACT

1. This case was commenced on August 27, 1990 with the filing of a voluntary Petition under Chapter 7 of the United States Bankruptcy Code by the Debtors. On September 27, 1990, the Clerk of the Court entered a Notice to File Proof of Claim, establishing December 26, 1990 as the last day for filing timely proofs of claim.

2. On October 22, 1990, creditor filed a Proof of Secured Claim in the amount of $20,450.88 based upon "a manufactured home retail installment contract and security agreement" with the Debtors. This secured claim provided by notation that "an amended proof of claim will be forthcoming after the liquidation of collateral."

3. On January 22, 1991, an Amended Proof of Secured Claim was filed by the creditor in the amount of $7,904.39. Again, by notation, the Amended Secured Claim set forth without explanation "deficiency pay-off after sale of collateral." On June 7, 1991, the Trustee filed his Final Account, treating the creditor as fully secured, based upon the first claim filed. The Final Account was noticed for hearing and no objections were filed thereto. As a result, on August 15, 1991, the Final Account was approved.

4. On August 23, 1991, this Court entered an Order of Distribution which did not provide for any distribution to the creditor on any unsecured claim.

5. The Trustee now requests that creditor's Amended Claim be treated as a late-filed claim which will effectively prohibit

creditor from receiving any distribution in this case.

Creditor asserts that the Amended Proof of Secured Claim should be treated as an unsecured claim and relate back to the date of the filing of its original Proof of Secured Claim, thereby making the filing of the Amended Claim timely.

### CONCLUSIONS OF LAW

Normally, "an unsecured creditor ... must file a proof of claim or interest ... for the claim or interest to be allowed ..." Rule 3002(a), Fed.R.Bankr.P. Except for very limited circumstances when an extension could be granted, the Bankruptcy Rules are quite clear and unambiguous that such a proof of claim must be filed within ninety days after the first date set for the meeting of creditors. Rule 3002(c), Fed.R.Bankr.P.

Admittedly, Plaintiff's first claim represents itself as being fully secured, save and except for a notation that an Amended Claim would be filed after the collateral securing the claim of creditor was liquidated. No dispute exists that the creditor was aware of the last date for filing claims.

Thus, upon the expiration of the claims bar date, the Trustee was put on notice of a fully secured claim. It was not the responsibility of the Trustee to make any further inquiry due to the notation on the secured claim as to any amendment which the creditor may have desired to file permitting the creditor to receive an unsecured distribution. *In re Padget*, 119 B.R. 793, 798 (Bankr.D.Colo.1990).

The unsecured claim asserted by the creditor was not filed timely and thus, would be disallowed, save for certain case law which establishes the ability of a claimant to amend its claim. See, for example, *U.S.A. v. International Horizons, Inc., et al.*, 751 F.2d 1213 (11th Cir.1985); *First National Bank of Mobile v. Everhart*, 617 F.2d 415 (5th Cir.1980); *Fidelity and Deposit Company of Maryland v. Fitzgerald*, 272 F.2d 121 (10th Cir.1959). As has been stated, "in the absence of prejudice to an opposing party, the Bankruptcy Courts, as courts of equity, should freely allow amendments to proofs of claim that relate back to the filing date of the ... claim when the purpose is to cure a defect in the claim as filed or to describe the claim with greater particularity." *Sambo's Restaurants, Inc. v. Wheeler*, 754 F.2d 811, 816 (9th Cir.1985).

In the instant case, allowing the creditor to share in the distribution on its ambiguous unsecured claim would certainly work a prejudice against the remainder of the unsecured creditors, who are not responsible for the dilatory actions of the creditor. Additionally, the character of the claim is substantially changed from being, on its face, secured with regard to the timely proof of claim and ostensibly unsecured with the delinquent claim, although it is designated on its face as a "Proof of Secured Claim." The intent of the Bankruptcy Rules is clear in charging an unsecured creditor seeking recovery from a bankruptcy estate to be aware of the deadlines imposed by the Rules and tailor their actions in timely asserting a claim accordingly. Creditor in this action did not, first, timely liquidate its collateral, then failed to assert an unsecured claim for the deficiency within the time prescribed by the Bankruptcy Rules, and finally, permitted the entry of an Order approving the Final Account of the Trustee, without making inquiry as to its content and the entry of an Order of distribution without appeal or inquiry as to its content.

After examining the facts of this case in light of the equities involved and the clear mandate of the Bankruptcy Rules, we cannot find that the Amended Proof of Secured Claim filed January 22, 1991 by creditor should relate back to the timely filed proof of claim by creditor, therefore permitting creditor to share in the distribution of unsecured creditors.

IT IS THEREFORE ORDERED that the Trustee's Motion for Authority to Allow Claim Pursuant to 11 U.S.C. Sec. 726(a)(3) filed September 17, 1991 by Kenneth G.M. Mather, Chapter 7 Trustee (Docket Entry No. 45) is hereby granted. The Proof of Secured Claim filed by creditor on January

22, 1991 shall be allowed as a late-filed claim only.