### In re PENNAVE PROPERTIES ASSOCIATES, Debtor.

Civ. A. No. 93–04511.

United States District Court,
E.D. Pennsylvania.

March 18, 1994.

Eric L. Frank, Miller & Miller, Philadelphia, PA, for Pennave Properties Associates.

A. Christopher Young, Harvey, Pennington, Herting & Renneisen, Ltd., Donald E. Haviland, Philadelphia, PA, for Scientific Leasing, Inc.

Montgomery County Treasurer, Dist. Attys. Office, creditor, pro se.

Ross Weiss, Sherr, Joffe & Zuckerman, P.C., West Conshohocken, PA, creditor, pro se.

Colonial School Dist., creditor, pro se.

Mark E. Felger, Wolf, Block, Schorr & Solis–Cohen, Philadelphia, PA, creditor, pro se.

Richard J. Halloran, Thomas F. Halloran and Harry R. Halloran, Jr., c/o Conduit & Foundation, 33, creditor, pro se.

First Interstate Alliance, c/o Weisman Bowan, creditor, pro se.

Quadrozzi, creditor, pro se.

Ernest J. Simms, Jr., U.S. Elevator Corp., creditor, pro se.

Patricia J. Reich, Memory Florist, Inc., creditor, pro se.

Stanley Koltoff, Koltoff, Silver & Co., creditor, pro se.

Carol E. Momjian, Deputy Atty. Gen., Philadelphia, PA, creditor, pro se.

Ina S. Weiner, Special Asst., Philadelphia, PA, creditor, pro se.

Assoc. Business Telephone Systems, c/o John I. Meeker, creditor, pro se.

Marshall H. Jaffe, Agent for Entry Systems, Inc., creditor, pro se.

Port Dock & Stone, creditor, pro se.

Miller Turetsky Rule & McLennan, Whitemarsh Disposal Corp. and R. McGuire, Norristown, PA, creditor, pro se.

I.R.S., Special Procedures, creditor, pro se.

Equipment Marketers, creditor, pro se.

Fleet Credit Corp., creditor, pro se.

Virginia Powel, Asst. U.S. Atty., Philadelphia, PA, creditor, pro se.

Prince Altee Thomas, Office of Atty. Gen., Philadelphia, PA, creditor, pro se.

Henry M. Burgoyne, Jr., McGrory, Wentz, Fernandez & O'Hara, Norristown, PA, for Colonial School Dist., interested party.

Mark E. Felger and James R. Williams, Wolf, Block, Schorr & Solis–Cohen, Philadelphia, PA, for Nations Bank, interested party.

Carol E. Momjian, Office of Atty. Gen., Philadelphia, PA, for Comm. of Penna., interested party.

Stuart A. Wilkins, Berlin, NJ, for Associated Business Telephone Systems Co., interested party.

Frederic Baker, Philadelphia, PA, Trustee.

### MEMORANDUM AND ORDER

HUYETT, Senior District Judge.

Appellant Scientific Leasing, Inc. ("Scientific") appeals a final order of the United States Bankruptcy Court for the Eastern District of Pennsylvania confirming Appellee Pennave Properties Associates' ("Debtor's") second amended plan of reorganization.

## I.  BACKGROUND

Debtor, a limited partnership, owns and operates an hotel in Fort Washington, Pennsylvania.  On August 13, 1984, Debtor and Scientific entered into an equipment lease whereby Scientific granted Debtor a lease of, and option to purchase or re-lease, certain telephone system equipment ("Collateral"). Prior to termination of the lease, Debtor alleged that the Collateral was defective and sought to return it to Scientific.  Scientific declined to accept the Collateral's return because Debtor was delinquent in its lease payments.  As a result, the Collateral has remained unused and in storage on Debtor's premises since 1988.

On May 18, 1992, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code to prevent a threatened foreclosure sale of its hotel.  On February 16, 1993, the deadline for filing proofs of claim, Scientific filed a secured proof of claim in the amount of $147,491.67, although Debtor's schedules listed Scientific as the holder of an unsecured claim in the amount of $75,000.  Scientific also filed a motion for adequate protection and relief from stay, and a motion for administrative rents.

On April 30, 1993, Debtor filed its second amended plan of reorganization (as modified by filings dated May 12, 1993 and July 12, 1993, hereinafter referred to as "Plan").  The Plan proposed to return the Collateral to Scientific in satisfaction of its secured claim. The bankruptcy court held a confirmation hearing from June 21 through June 28, 1993. At the hearing, Scientific argued that return of the Collateral would not provide for its unsecured claim against Debtor.  Nevertheless, the bankruptcy court found that return of the Collateral constituted the "indubitable equivalent" of Scientific's secured claim, under 11 U.S.C.A. § 1129(b)(2)(A)(iii), and approved the Plan by Order dated June 12, 1993.

Scientific alleges that the bankruptcy court erred as a matter of law by: (1) finding that return of the Collateral was the indubitable equivalent of Scientific's entire claim;  and (2) failing to bifurcate or otherwise allow Scientific's unsecured claim.

## II.  DISCUSSION

This Court has plenary review of the bankruptcy court's conclusions of law but will not set aside the bankruptcy court's findings of fact unless clearly erroneous.  Bank.R. 8013, 11 U.S.C.A.; *In re Stendardo*, 991 F.2d 1089, 1094 (3d Cir.1993); *In re Norris*, 138 B.R. 467, 469 (E.D.Pa.1992).

Because the class of creditors of which Scientific was a part rejected the Plan, Debtor sought confirmation under 11 U.S.C.A. 1129(b).  11 U.S.C.A. § 1129(a)(8).  Under section 1129(b), a plan of reorganization will not be confirmed unless it is "fair and equitable" to the dissenting class.  Section 11 U.S.C. § 1129(b)(2)(A) establishes minimal, non-exclusive, requirements that must be met for a plan of reorganization to be considered fair and equitable to a class of secured claims.  *Sandy Ridge Dev. Corp. v. Louisiana Nat. Bank*, 881 F.2d 1346, 1352 (5th Cir.), *reh'g denied, en banc*, 889 F.2d 663 (5th Cir.1989); *In re Simons*, 113 B.R. 942, 945 (Bankr.W.D.Tex.1990).

In particular, the bankruptcy court may find a plan of reorganization "fair and equitable" to a *secured* creditor if the creditor receives the "indubitable equivalent" of its allowed secured claim.  11 U.S.C.A. § 1129(b)(2)(A)(iii).  Generally, return of collateral to a secured creditor provides that creditor with the indubitable equivalent of the secured claim.  *Sandy Ridge*, 881 F.2d at 1350.

■  Scientific correctly asserts that return of collateral does not provide the indubitable equivalent of a creditor's *entire* claim, both secured and unsecured.  Section 1129(b)(2)(A) deals with secured claims only. *Sandy Ridge*, 881 F.2d at 1350.  However, this argument is irrelevant.  As discussed below, the bankruptcy court properly rejected Scientific's unsecured claim as untimely, not because return of the Collateral provided its indubitable equivalent.

Finally, Scientific protests that the Collateral is worthless.  However, the bankruptcy court made no such finding.  Nor does the testimony before the Court compel that con-

clusion.[1] Further, the fact that the property may have declined in value is irrelevant. At any given moment in time Scientific's secured claim is equal to the value of the Collateral. *Sandy Ridge*, 881 F.2d at 1350 n. 11.

As the bankruptcy court properly determined Scientific to be a secured creditor only, and as the Plan provided for the return of the Collateral, the indubitable equivalent of the secured debt, the bankruptcy court properly found that the Plan treated Scientific fairly and equitably.

■ Scientific argues that the Plan did not provide for its unsecured claim against Debtor. Generally, an unsecured creditor wishing to assert a claim must file a proof of claim. Bankr.R. 3002(a), 11 U.S.C.A. The proof of claim is prima facie evidence of the validity and amount of the claim. Bankr.R. 3001(f), 11 U.S.C.A. The proof of claim is also the creditor's statement as to the amount and character of the claim and is deemed allowed absent objection. *In re Harrison*, 987 F.2d 677, 680 (10th Cir.1993); *In re Padget*, 119 B.R. 793, 797 (Bankr. D.Colo.1990).

■ In the present case, the deadline for filing proofs of claim expired, at the latest, on February 16, 1993. Prior to that date, Scientific filed proof of a *secured* claim only. This filing superseded any scheduling of Scientific's claim as unsecured. Bank.R. 3003(c)(4), 11 U.S.C.A. In these circumstances, the bankruptcy court properly rejected Scientific's untimely assertion of its unsecured claim. *See In re Harrison*, 987 F.2d at 680; *In re Ruark*, 134 B.R. 25, 26–27 (Bankr. E.D.Okla.1991); *In re Padget*, 119 B.R. at 796.

■ Nor does this Court agree with Scientific's assertion that the bankruptcy court was required to value the Collateral, or bifurcate Scientific's claim, at the confirmation hearing. Had Scientific wished the bankruptcy court to value the Collateral or bifur-

cate its claim it should have invoked the procedures established for these purposes. *See* Bankr.Rules 3012, 7001, 11 U.S.C.A.; 11 U.S.C.A. § 506(a). Scientific chose not to do so. Scientific stated in its proof of claim that it had a secured claim only. The bankruptcy court gave Scientific the indubitable equivalent of what it requested in its proof of claim. Scientific cites no authority affirmatively directing that bankruptcy courts hold a valuation hearing on confirmation. Indeed, it would have been improper for the bankruptcy court to hold a valuation hearing in conjunction with the confirmation hearing absent prior notice. *In re Calvert*, 907 F.2d 1069, 1072 (11th Cir.1990).

In essence, Scientific asks this Court to find that Debtor or the bankruptcy court should have protected Scientific's unsecured claim, regardless of its untimely assertion. The Court refuses so to find. As the court stated in *In re Ruark*, 134 B.R. at 27, "[t]he intent of the bankruptcy rules is clear in charging an unsecured creditor seeking recovery from the bankruptcy estate to be aware of the deadlines imposed by the Rules and tailor their actions in timely asserting a claim accordingly."

### III. CONCLUSION

Based on Scientific's proof of claim, this Court agrees with the bankruptcy court's holding that the Plan was fair and equitable to Scientific. Scientific's assertion of its unsecured claim was untimely. The bankruptcy court and Debtor had no obligation to protect Scientific's unsecured claim by valuation or bifurcation. The decision of the bankruptcy court is affirmed. An appropriate order follows.

### ORDER

Upon consideration of Appellant Scientific Leasing, Inc.'s appeal of the Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania dated June 12, 1993 ("Confirmation Order") confirming

---

1. Scientific points to statements, made by Debtor at the confirmation hearing, that the telephone equipment did not function and, thus, was useless and of zero value *to the Debtor*. This is not the same as proof that the equipment was worthless. The Court further notes that Scientific's claim that the collateral is worthless appears to be inconsistent with its application for administrative expenses and the filing of proof of a secured claim.

Appellee Pennave Properties Associates' second amended plan of reorganization, and the briefs of counsel in support and in opposition thereto, the Confirmation Order is hereby AFFIRMED.

IT IS SO ORDERED.