In re Jeffrey LEE, Debtor.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Appellant,**

v.

**Jeffrey G. LEE, Appellee.**

**Bankruptcy No. 94–6682–CIV. No. 93–23210–BKC–RBR. Adv. No. 93–1130–BKC–RBR–A.**

United States District Court, S.D. Florida.

Sept. 5, 1995.

Steven Shapiro, Alvarez L. Le Cesene and Ann Reid, Tax Div., U.S. Dept. of Justice, Washington, DC, for appellant.

Cristopher J. Keith, Gustafson & Tilton, Ft. Lauderdale, FL, for appellee.

### ORDER REVERSING THE BANKRUPT-CY COURT'S ORDER FINDING DEBTOR'S TAX LIABILITY DISCHARGEABLE

ARONOVITZ, District Judge.

The appellant, Internal Revenue Service, appeals from the Bankruptcy Court's Order Finding Debtor's Tax Liability Dischargeable. The court heard oral argument on the merits, April 6, 1995, and has carefully considered the briefs filed, the argument of counsel, the entire record and applicable law, and is otherwise fully advised in the premises.

### Factual and procedural background

On May 18, 1991, the appellee, Jeffrey Lee, attempted to file his 1986 Form 1040 tax return, prepared by Lashbrook & Associates, a tax return preparer. Without signing it, he mailed the return to the IRS, who received it at The Atlanta Service Center on May 21, 1991. The Form 1040 includes the following language:

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Exhibit 1, p. 2. The taxpayer's signature line on Lee's form was blank. The paid preparer's signature line contained a signature.

The Commissioner of the IRS at Atlanta wrote Mr. Lee on August 27, 1991, regarding the unverified return and directing Lee to sign a Declaration similar to the language on the return. Lee signed the Declaration on September 3, and the IRS received it in Atlanta on September 9, 1991. Lee subsequently filed a duplicate Form 1040, reflecting the same amounts as the prior return. Lee never paid the $3,065 tax liability, and the IRS assessed the tax on December 16, 1991.

Lee filed a chapter 7 bankruptcy petition on August 25, 1993. Lee filed an adversary Complaint to Determine Dischargeability of Debt, seeking to discharge his federal income tax liability for taxable year 1986. The Bankruptcy Court entered Final Judgment in favor of Lee on June 2, 1994. The IRS appealed.

### Issue on Appeal

A debt for taxes is non-dischargeable if the required tax return "was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition." 11 U.S.C. § 523(a)(1)(B)(ii). The parties agree that the return was filed "after the date on which such return was last due." The issue on appeal is whether the return was filed on May 21, 1991, before two years before the bankruptcy petition date, or whether the return was filed on September 9, 1991, "after two years before the date of the filing of the petition."

IRS asserts that without his valid signature, Lee's return was not filed May 21, 1991. Instead, he filed it on September 9, 1991, when the IRS received his signed Declaration that the return was true and correct. Because he filed his August 25, 1993, bankruptcy petition less than two years later, the tax liability is nondischargeable under 11 U.S.C. § 523(a)(1)(B).

### Discussion

■■■ Bankruptcy Court's findings of fact will not be set aside unless clearly erroneous. *In re Chase & Sanborn Corp.*, 904 F.2d 588 (11th Cir.1990); *In re T & B General Contracting, Inc.*, 833 F.2d 1455 (11th Cir.1987). Equitable determinations by the Bankruptcy Court are subject to review under an abuse of discretion standard. *In re Red Carpet Corp. of Panama City Beach*, 902 F.2d 883 (11th Cir.1990). Conclusions of law are subject to de novo review. *In re Chase & Sanborn Corp.*, 904 F.2d at 593; *In re Sublett*, 895 F.2d 1381 (11th Cir.1990). This appeal involves conclusions of law which this court reviews de novo.

■■■ The Bankruptcy Code provides little guidance on this issue. While § 523(a)(1)(B) refers to the filing of a "return," it does not specify what constitutes a "return." The Code section does specify that the due date for filing is determined "under applicable law." Consistent with this directive, the

meaning of "return" should also be determined in the same manner, under the Internal Revenue Code.

■ Section 6061 of the Internal Revenue Code requires that "any return, statement, or other document required to be made under any provision the internal revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary." 26 U.S.C. § 6061. Treasury Reg. § 1.6061–1(a) requires that "each individual shall sign the income tax return required to be made by him, except that the return may be signed for the taxpayer by an agent who is duly authorized in accordance with paragraph (a)(5) or (b) of § 1.6012–1 to make such return." 26 U.S.C. §§ 6011 and 6061. Section 6065 requires that "any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that is made under penalties of perjury." 26 U.S.C. § 6065. Neither Lee signed his return nor any agent with authority to sign for him.

The U.S. Tax Courts have consistently held that an unsigned tax return is no return at all, because an unsigned tax return would be insufficient to support a perjury charge based on a false return. *Hammann v. Commissioner*, T.C. Memo 1987–260; *Vaira v. Commissioner*, 52 T.C. 986,, 1005 (1969), *aff'd* on this issue, reversed and remanded on other grounds, 444 F.2d 770 (3d Cir.1971); *Reaves v. Commissioner*, 31 T.C. 690, 713 (1958), *aff'd*, 295 F.2d 336 (5th Cir.1961). Similarly, the U.S. Courts of Appeals have held that an unsigned tax return does not start the statute of limitations period, within which the IRS must assess tax liability. *Dowell v. Commissioner.*, 614 F.2d 1263, 1266 (10th Cir.1980); *Kalb v. United States,* 505 F.2d 506 (2d Cir.1974); *Doll v. Commissioner,* 358 F.2d 713 (3d Cir.1966).

The Bankruptcy Court relied upon *Miller v. Commissioner*, 237 F.2d 830 (5th Cir. 1956), to support its conclusion that the unsigned return was satisfactory. In *Miller*, however, the returns were signed in the taxpayer's name by his wife at his authorization and at the place on the return pointed out by the accountant who had prepared and signed the returns himself. *Id.* at 837.

Citing *Miller*, the Bankruptcy Court stated the following: "It is well established in the Eleventh Circuit that an income tax return, complete in form yet unsigned by the taxpayer but signed by a duly authorized agent does constitute a filed return for purposes of a statute of limitations." Order, p. 3–4. Lee's return was not signed by a "duly authorized agent." Only the preparer signed and without Lee's authority to sign on his behalf. Regulations promulgated under the Internal Revenue Code require signatures of paid tax return preparers separate and distinct from the requirement of taxpayer's signature. Treas. Reg. § 1.6065–1(b). The preparer's signature satisfied only that requirement.

The U.S. Tax Court has also held that a return signed by the attorney/preparer but unsigned by the taxpayer does not satisfy the statutory requirements for a return. *In re George Overbeck*, ¶ 55, 243 P–H Memo T.C. (1955). Similarly the Sixth Circuit held that a joint return signed by a tax return preparer in the wife's name without her consent was invalid as to the wife. *Shea v. Commissioner,* 780 F.2d 561, 567–568 (6th Cir.1986). Thus, the signature of the paid tax return preparer does not constitute the signature of an agent either.

**Conclusion**

■ The late-filed unsigned return was not filed until receipt of the signed verification statement on September 9, 1991. The debtor filed his chapter 7 petition August 25, 1993, within two years. Thus, the tax liability is a non-dischargeable debt under 11 U.S.C. § 523(a)(B)(ii). Similarly, the interest that accrues on the nondischargeable tax is also non-dischargeable. *In re Burns,* 887 F.2d 1541 (11th Cir.1989). The penalties assessed, however, are dischargeable. *Id.* Accordingly, it is

ORDERED AND ADJUDGED that the Bankruptcy Court's Order Finding Debtor's Tax Liability Dischargeable is hereby REVERSED. The debtor's tax liability is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(1)(B), including any accrued interest

but excluding any penalties assessed. Any outstanding motions not otherwise ruled upon in this appeal are hereby DENIED.

DONE AND ORDERED.