In re Phyllis COHEN, Debtor.

Phyllis COHEN, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 92–16014–BKC–AJC.
Adv. No. 93–0877–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

July 1, 1996.

Patricia A. Redmond, Miami, FL, for Phyllis Cohen.

Arthur Weitzner, Trustee, Miami, FL.

### MEMORANDUM DECISION ON DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT

A. JAY CRISTOL, Chief Judge.

THIS MATTER came before this Court for hearing on June 6, 1996, on the Plaintiff/Debtor, Phyllis Cohen's, Motion for Partial Summary Judgment, pursuant to Bankruptcy Rule 7056 and Rule 56 F.R.Civ.P., with respect to Count I of the Complaint regarding the United States Internal Revenue income taxes for 1983, 1991 and 1992. Upon reviewing the arguments of counsel at hearing, the Motion, the Opposition of the United States, the Reply, the Deposition and Additional Documents, the pleadings and affidavits filed in the main case, and being otherwise fully advised, this Court makes the following determination.

### BACKGROUND:

1. On October 15, 1992, (the "Petition Date"), the Debtor filed a petition for relief under Chapter 7. The Debtor's schedules listed federal tax liabilities for 1980 and 1983. The 1980 tax liability was listed as secured in the amount of $60,000.00, and unsecured non-priority in the amount of $1,696,278.00. The 1983 tax liability was listed as unsecured non-priority in the amount of $757,727.10. Neither of these liabilities were listed as

disputed, contingent, or unliquidated.[1] The case was converted to a case under Chapter 11 on April 9, 1993.

2. On or after June 7, 1993, the Defendant, United States of America, Internal Revenue Service, (the "IRS"), filed a proof of claim in this case. This proof of claim listed only 1980 as being totally secured in the amount of $1,566,470.11. The secured amount listed $331,521.06 tax, $355,376.38 penalties, and $879,572.67 interest. Said claim states: "[t]he debtor is indebted to the United States in the sum of $1,566,470.11 as of the petition date..." and "[n]o security interest is held, except for the secured claims listed ... above."

3. On or after August 13, 1993, the IRS filed an amended proof of claim. This proof of claim again listed 1980 as being totally secured in the amount of $1,566,470.11, with $331,521.06 tax, $355,376.38 penalties, and $879,572.67 interest. This amended claim added 1991 and 1992 as unsecured priority taxes, in the estimated amounts of $25,000.00 and $2,588.00, respectively. Said amended claim states: "[t]he debtor is indebted to the United States in the sum of $1,594,058.11 as of the petition date...," "[this claim] amend[s] and supercede[s] Proof of Claim dated 06/07/93 ...", "debtor has failed to file this [1991 and 1992] return[s] ...," and "[n]o security interest is held, except for the secured claims listed ... above."

4. No amount was included in either the original claim or the amended claim for 1983, either as secured, priority or unsecured general.[2]

5. The Debtor filed this adversary proceeding on or before August 26, 1993, disputing all income tax liabilities for the years 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1991 and 1992, and requesting a determination of the extent, validity and priority of any and all tax liens for those years.[3] The IRS made no claim for any tax liabilities due for the years 1979, 1981, 1982, 1984, 1985, 1986, 1987, 1988, or 1989, either by proof of claim or pleading, alleged only by pleading (not by proof of claim) a liability for 1983, and made no secured claim for any tax lien other than 1980.

6. By agreed Order entered February 26, 1996, the parties stipulated that the only issues remaining for this Court to decide are: (a) whether there is reasonable cause to abate the failure to pay penalty for 1980 and the interest on that penalty; (b) whether the federal tax lien attaches to post-petition after-acquired property of the Debtor for discharged tax liabilities; and (c) whether 1983, 1991 and 1992 are valid tax liabilities of the Debtor.

7. By agreed Order entered March 27, 1996, the IRS conceded that the federal tax lien does not attach to post-petition after-acquired property of the Debtor upon entry of discharge or confirmation of a Plan.

8. The IRS filed an Opposition to the Motion at bar only with respect to the 1983 tax liability. At the June 6, 1996 hearing, on the record the parties advised the Court that the IRS conceded that the estimated 1991 and 1992 tax liabilities listed on the IRS proof of claim were not valid tax liabilities of the Debtor.[4] The remaining issue with re-

---

1. The Debtor's schedules also listed tax liabilities due to the State of New York for 1979, 1980 and 1984. The 1980 liability was listed as disputed. The liabilities for all of these years were disputed through an Adversary Proceeding filed by the Debtor. The Court entered Final Judgment in favor of the Debtor, determining no tax liabilities were owed by the Debtor to the State of New York.

2. Both the Debtor's schedules and the IRS proofs of claim were signed under penalties of perjury.

3. In prior Motions for Partial Summary Judgment filed by the IRS, this Court found that it had no jurisdiction to determine the 1980 tax because of a previous decision of the United States Tax Court. The Court retained jurisdiction to determine whether there is reasonable cause to abate the failure to pay penalty and interest on that penalty for 1980. The Court also found that the federal tax lien for 1980 is valid to the extent that the claim for 1980 is allowed.

4. With respect to IRS counsel's allegation in the Opposition to this motion of "insufficient knowledge and information" to respond to the claim for "unfiled returns" for 1991 and 1992, it is inconceivable that the IRS could legitimately respond with insufficient knowledge at such a late date in this proceeding. The IRS cannot and does not deny that these returns were filed and processed on or before November 1992 and November 1993, respectively. Furthermore, con-

spect to this Motion for Partial Summary Judgment is whether there is any amount due for 1983 tax liabilities from the Debtor.[5]

*FACTS:*

9. In 1988 or before, the IRS received an unsigned 1983 joint Form 1040 income tax return, purporting to be that of Barry and Phyllis Cohen. The tax ($264,904) on this unsigned "return" was not assessed until July 30, 1990. Among other items of income and deductions, this alleged return includes a net loss on Schedule E from "Barrister Equipt Assoc" in the amount of $10,471.00. By letter dated June 4, 1990, the IRS requested Barry and Phyllis Cohen to declare under penalties of perjury that the joint 1983 "return ... was true, correct and complete." By letter dated June 11, 1990 to the IRS, Phyllis Cohen, through her attorney, denied that she had filed any 1983 joint return with Barry Cohen.

10. On or before August 10, 1990, the IRS received a signed Form 1040 income tax return for 1983 from Barry Cohen. Among other items of income and deductions, this return includes a net loss from Schedule E in the amount of $10,471.00.

11. On or before March 13, 1991, the IRS received a Form 1040 income tax return, purported to be that of Phyllis Cohen for 1983. This return does not include any income or deductions from any schedule E partnership, nor from "Barrister Equipt Assoc." By letter dated July 5, 1991, the IRS advised Mrs. Cohen that the "return [she] originally filed is not immediately available," and requested that she send a "newly signed copy of [her] 1983 return."

12. The IRS, by letter dated May 10, 1995, denied a claim for refund for the individual (not joint) income tax liability of Phyllis Cohen for 1983 in the amount of $31,829.00.

13. On March 4, 1996, the IRS sent Barry and Phyllis Cohen, a Notice of Deficiency for joint 1983 tax liabilities, alleging adjustments for "Barrister Equipment Series 152", Penalty for Failure to File, and Negligence Penalties for a joint return. The additional tax in the amount of $2,095 was assessed on March 4, 1996.

14. On July 7, 1992, the IRS applied $21,806.82 to the alleged joint liability for 1983 assessed against Barry and Phyllis Cohen received from the sale of a condo in Fort Lauderdale. The IRS has maintained during the course of this Bankruptcy that this IRS collection action caused Mrs. Cohen to file the Bankruptcy.

15. The Debtor contends: first, that the proofs of claim filed and amended by the IRS supercede the scheduled 1980 and 1983 tax liability and that therefore, the liability for 1983 is zero; and, second, that, even if the "claim" for 1983 were valid based on the scheduled amount, there is no valid assessment, nor valid tax liability due from Phyllis Cohen for 1983.

16. The IRS maintains two arguments in opposition to summary judgment and in support of the validity of the 1983 tax liability.

trary to their procedures, they did not amend the proof of claim upon knowledge of and/or receipt of the filed returns. Since August 1993 to the present, both in this Court and the District Court, the IRS has maintained that these "estimated" amounts are valid tax liabilities of Phyllis Cohen because she failed to file returns for those years. (Had the IRS simply looked at their own transcripts of account and returns on file, they would have known, and certainly should have known, that their position had absolutely no basis in law or in fact.) The proof of claim as amended and filed under penalties of perjury was false as to 1991 on the day it was filed. The proof of claim as to 1992, according to the procedures of the IRS, should have been amended upon receipt of the 1992 return in November 1993, which was prior to the Answer filed in this case. In addition, from 1993 through the present, any and all pleadings filed by the IRS in both this Court and

the District Court claiming that the 1991 and 1992 estimated liabilities are valid tax claims against Mrs. Cohen for failure to file returns could be subject to Rule 11 sanctions.

As to lack of sufficient knowledge, since August 26, 1993, the IRS has had the opportunity and obligation to obtain the necessary documents to support the proof of claim filed in this case, which was put at issue by the filing of this adversary proceeding. Insufficient knowledge on the part of the IRS at this juncture in this proceeding is simply unacceptable.

5. If this Motion for Summary Judgment is granted, the remaining issue to be tried is whether there is reasonable cause to abate the penalty for failure to pay and the interest on that penalty for 1980.

Each argument hinges on the Debtor's listing of the 1983 tax liability in the bankruptcy schedules as being determinative that the claim is a valid tax claim. First, the IRS alleges that the IRS proof of claim did not need to include 1983 because the bankruptcy schedules listed a 1983 liability, and did not schedule it as "disputed, contingent, or unliquidated." [6] Second, the IRS claims that by listing a 1983 liability on her bankruptcy schedules, Mrs. Cohen effected a "ratification and adoption" by her of the 1983 heretofore unsigned joint tax liability. Neither argument can withstand scrutiny.

## DISCUSSION:

This Court must determine whether, as a matter of law, there is no valid claim for tax liabilities due and owing the United States, Internal Revenue Service for 1983.

### SUMMARY JUDGMENT

■ A motion for summary judgment pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure is appropriate when there exists no genuine issue as to any material fact and a decision may be rendered as a matter of law. The party moving for summary judgment, has the burden of demonstrating that no genuine issue as to any material fact exists, and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Rule 56(c) of the Federal Rules of Civil Procedure (as applicable pursuant to Rule 7056, Fed.R.Bankr.P.) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This standard has been interpreted by the Supreme Court to mean: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The motion must be granted if the Court is satisfied that no real factual controversy is present, so that the remedy can serve "its salutary purpose in avoiding a useless, expensive and time-consuming trial where there is no genuine, material fact issue to be tried." *Lyons v. Board of Education*, 523 F.2d 340 (8th Cir.1975).

■ The standard for ruling on summary judgment motions "mirrors the standard for a directed verdict under Federal Rules of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 250, 106 S.Ct. at 2511. The nonmoving party opposing a motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings. After the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the nonmoving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp., supra*, 477 U.S. at 324, 106 S.Ct. at 2553.

Finally, this Court, after applying the law as set forth above and considering the facts as set forth in the pleadings, motions, and exhibits thereto, must conclude that there is no genuine issue of material fact at issue and that Plaintiff, Phyllis Cohen, is entitled to judgment as a matter of law.

### NO VALID CLAIM FOR 1991 AND 1992

The IRS conceded that their amended proof of claim inappropriately listed estimated liabilities for 1991 and 1992 based on the allegation that the Debtor had failed to file returns for those years. It is uncontested that the Debtor filed, and the IRS received the tax returns for 1991 and 1992, and that any and all tax liability for those years has

---

**6.** The IRS maintains that they filed a claim for 1980 to correct the listing of 1980 as partially

unsecured.

been paid in full.[7] Therefore, the IRS is barred from collecting any additional taxes from the Debtor for 1991 and 1992.

### NO VALID CLAIM FOR 1983

■ The IRS argument that the proof of claim, as amended, which omitted any liability due and owing for 1983, does not supercede the Debtor's scheduled tax debt for 1983, and thus the 1983 amount scheduled is a valid tax claim of its own, is a creative argument. The District Court did not rule on this issue, but noted that the 1983 liability is not undisputed, as the IRS contends because the Debtor filed this adversary proceeding, and further noted that the IRS produced no evidence of a 1983 tax liability. *Cohen v. United States,* 191 B.R. 482 (Bankr. S.D.Fla.1995).

■ It is undisputed that (1) the Debtor listed tax liabilities due for 1980 and 1983 in the amounts of $1,756,278.00 and $757,727.10, respectively; and (2) the IRS proof of claim as amended, lists only 1980, 1991 and 1992, and does not list any liability for 1983. The IRS has failed for three years to come forward and amend their claim (both as to 1991 and 1992, as well as 1983). Rather, they have chosen to file a claim for 1980, 1991 and 1992, yet, rely only on the scheduled 1983 tax liability. The IRS has never hesitated to come before this Court with an amended proof of claim including additional tax periods, as well as different types of tax. Amendments are permitted where the original claim provides notice of the existence, nature and amount of the claim, and the creditor's intent to hold the Debtor liable. *In re International Horizons,* 85–1 USTC P 9212 (11th Cir.1985); *Walsh v. Lockhart Associates,* 339 F.2d 417 (5th Cir.1964). This Court has generously allowed amendments, even to add corporate income tax liabilities to claims originally listing only employment taxes. *In re F.C.M., Corp.,* 63 AFTR 2d 89–1277 (Bankr.S.D.Fla.1988).

Pursuant to B.R. 3001(f), "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Pur-

suant to B.R. 3003(c)(4), "a proof of claim executed and filed in accordance with these rules shall supersede any scheduling of that claim or interest pursuant to Section 521(1) of the Code."

The first argument of the IRS is that the filing of the proof of claim by the IRS did not supercede the 1983 amount scheduled, pursuant to B.R. 3003(c)(4), because 1983 was not included on the proof of claim, and therefore was a totally different claim. This argument flies in the face of the plain language in the proof of claim itself which states that: "[t]he Debtor is indebted to the United States in the sum of $1,566,470.11 as of the petition date . . . ," and "[n]o security interest is held, except for the secured claims listed in [the secured portion] above . . ." Both 1980 and 1983 amounts are for income tax, the IRS had filed federal tax liens for both years, the Debtor listed 1980 as partially secured and 1983 as unsecured, neither was listed as disputed, contingent or unliquidated. The IRS argument that the 1980 amount was included on the proof of claim to correct the listed claim to be fully secured fails because the 1983 amount was not listed as secured at all. In short, the IRS argument is wholly unsupported by the facts at bar.

The IRS cites two cases in support of the proposition that the "failure to file a proof of claim for the 1983 claim" merely fixes the allowable amount of the claim for distribution at the amount in the schedules. Their own authority is to the contrary. Unlike the IRS in this case, the defendant in *In re Malkove & Womack, Inc.,* 134 B.R. 965 (Bankr. N.D.Ala.1991), did not file any proof of claim for rejection damages. Thus, the damages were limited to the amount scheduled by the Debtor. In the second case, *In re Candy Braz, Inc.,* 98 B.R. 375 (Bankr.N.D.Ill.1988), the State of Illinois filed a late proof of claim, and amended it two years later. The Court correctly found that the amended claim, even though untimely, superceded the Debtor's scheduled liability, which was in a higher amount than the late-filed and amended

---

**7.** The position maintained by the IRS since 1993 with respect to 1991 and 1992 has no substantial justification.

proof of claim. *Supra.* In a more recent case, the Court held that the filing of a secured claim by a creditor superceded any scheduled unsecured claim for that creditor. *In re Pennave Properties Assoc.,* 165 B.R. 793 (Bankr.E.D.Pa.1994). In short, a claim filed by the creditor controls.

■ In this case, a proof of claim was filed by the IRS and there is no reason for this Court to consider that claim as being anything other than all pre-petition tax liabilities. The claim of the IRS is what it says it is—the debt to the United States as of the petition date, and supercedes the scheduled liabilities, including and without limitation, 1980 and 1983.[8]

### NO VALID TAX LIABILITY FOR 1983

■ An alternative basis for disallowing any claim for 1983, even if the claim were valid based on the scheduled amount, which it is not, is that there is no evidence that any tax is due from the Debtor for 1983. The District Court noted that the IRS has produced no evidence of their claim. *In re Cohen, supra.* That is still the case. As noted previously, the IRS, as the non-moving party opposing this motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings. After the Debtor has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the IRS must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp., supra,* 477 U.S. at 324, 106 S.Ct. at 2553. The IRS has simply not made any showing of the existence of a 1983 tax liability of Phyllis Cohen.

■ The IRS admits there is no signed joint income tax return for Barry and Phyllis Cohen for 1983, and that the unsigned return was "processed." However, no authority is cited upon which this Court can rely that allows the conversion of this apparent invalid assessment of an unsigned joint tax liability to a valid assessment simply by listing a

liability on bankruptcy schedules. No such authority has been found by this Court.

There is no explanation by the IRS for the failure to assess these taxes against Barry Cohen pursuant to the signed individual 1983 Form 1040 return received by the IRS in August 1991. That signed individual return of Barry Cohen, together with Phyllis Cohen's immediate denial of any joint return, simply cannot be turned into a valid verified joint tax liability by listing a 1983 tax liability on her Bankruptcy schedules.

■ The Internal Revenue Code is clear—a return is not a valid return unless it is signed and verified. I.R.C. Sections 6061, 6065. Treas.Reg. Section 1.6061–1(a) requires that "each individual shall sign the income tax return ..." An unsigned return is no return at all. *Vaira v. Commissioner,* 52 T.C. 986, 1969 WL 1731 (1969).

■ In order for the 1983 joint liability to be valid as to Phyllis Cohen, even if the return were signed by Barry Cohen, *which it was not,* Phyllis Cohen would have had to knowingly and voluntarily affix her signature on the joint return, or at the very least, intend to file a joint return. The IRS cannot substitute something else for verification, not even the signature of an agent. *Warmack v. Commissioner,* 64 T.C.Memo 1992–431; *Dixon v. Commissioner,* 28 T.C. 338, 1957 WL 1046 (1957); *Pierce v. United States,* 75 AFTR 2d 95–2467, 184 B.R. 338 (Bankr. N.D.Iowa 1995); *United States v. Lee,* 186 B.R. 539 (S.D.Fla.1995).

In this case, the IRS documents not only show that Mrs. Cohen *did not sign or verify* any joint 1983 liability, the IRS was specifically advised prior to assessment that she *disavowed* the joint liability. And, the IRS received a signed married filing separately return from Barry Cohen with substantially all of the same income and deduction items as the unsigned joint "return." The joint assessment for 1983, has no valid basis, ei-

---

8. By failing to list any other liabilities, the claim bars collection of all pre-petition tax years, including those at issue in this adversary proceeding—1979, and 1981 through 1992.

ther in fact or in law, for assessment against Mrs. Cohen.[9]

By its own admission, prior to July 5, 1991, the IRS received an individual Form 1040 from Phyllis Cohen for 1983, and misplaced that return. The IRS has failed to come forward with any evidence to support any tax due from that filed return. The only evidence in the record of tax paid for 1983 is a denied claim for refund dated May 10, 1995, for the individual (not joint) income tax liability of Phyllis Cohen for 1983 in the amount of $31,829.00, and a payment of $21,805.82 credited to the joint 1983 assessment.

The IRS received a 1983 unsigned joint return sometime in 1988. They subsequently received individual returns from both Barry and Phyllis Cohen—and yet chose to pursue a joint liability based on an unsigned return. They have enforced collection on that assessment and vigorously pursued Mrs. Cohen in this Court for that joint liability. The only conceivable reason for the IRS to fail to amend their proof of claim in this case was fear of being subject to Internal Revenue Code Section 7430 damages for filing a claim which they knew to be frivolous. *In re Brickell Investment*, 73 AFTR 2d 94–2304, 1993 WL 735789 (Bankr.S.D.Fla.1993).[10]

Neither the facts, the law, nor equity justify any finding other than that the IRS proof of claim superceded the 1983 scheduled debt to the IRS. The IRS failed to make a sufficient showing to establish the existence of an essential element to their case. It is thus not necessary to disallow the claim for 1983 for any other reason, than that the proof of claim filed by the IRS supercedes any scheduled income tax liabilities and precludes collection as to any other pre-petition tax liabilities.

WHEREFORE, it is

ORDERED as follows:

1. Plaintiff's Motion for Partial Summary Judgment is GRANTED;

2. The priority claim of the IRS for 1991 and 1992 in the estimated amounts of $25,000 and $2,588, respectively is stricken and disallowed, there is no tax due from Phyllis Cohen for the years 1991 and 1992, and the IRS is barred from collecting any tax from Phyllis Cohen for 1991 and 1992; and

3. The claim of the IRS for 1983 in the scheduled amount of $757,727.10 is superceded by the IRS proof of claim, and the amount of tax due from Phyllis Cohen for the year 1983 is zero, any and all taxes due from Phyllis Cohen are deemed paid for 1983, any proposed assessment is barred, the federal tax lien for 1983 is unenforceable as to Mrs. Cohen, and the IRS is barred from collecting any tax from Phyllis Cohen for 1983.

4. A Final Order will be entered reflecting these findings.

DONE AND ORDERED.

---

9. The Notice of Deficiency dated March 4, 1996 for additional penalties due to an assessed deficiency of $2,095.00 for disallowance of a loss due to Barrister Equipment Series likewise does not appear to be a liability of Phyllis Cohen, as that loss was included on the separate return filed by Barry Cohen and received by the IRS in 1990. Nonetheless, if there were, in fact a joint tax return, it appears that Mrs. Cohen could have an innocent spouse defense to this assessment. And, the IRS has made no attempt to amend their claim for this proposed general unsecured dischargeable penalty.

10. The IRS position with respect to 1983 has no substantial justification.